MILTON M. MORSE v. CHARLES C. DUNHAM.

*Actions against officers—Discontinuance.*

Comp. L. § 5971, in providing that where it does not appear, on the trial of an action against an officer for official acts, that the cause of action arose in the county where suit is brought, the jury shall be discharged and judgment of discontinuance entered, applies to actions involving a trespass on land (Comp. L. § 5970), and covers cases where his process was defective ; and when process is shown and that defendant assumed to act officially under it, the objection to the venue may be raised on the trial, and is for the court alone to pass upon. And the question of the official character of the act is not to be left to the jury.

Error to Kent.   Submitted June 14.   Decided June 21.

TRESPASS.   Plaintiff brings error.   Affirmed.

*D. E. Corbitt* for appellant.   An officer cannot rely on his process if it is *prima facie* illegal: *Green v. Rumsey* 2 Wend. 611.

*Simonds, Fletcher & Wolf* for appellee.

CAMPBELL, J.   Morse sued Dunham in Kent county for a trespass on lands in Cadillac, Wexford county, including a seizure of goods and personalty.   Notice of justification was given under the general issue, that the alleged trespass consisted of the service of a writ of possession under proceedings to enforce delivery of possession under chapter 211 of the Compiled Laws.

On the trial the plaintiff merely showed the alleged trespass.   Defendant proved himself to have been sheriff of Wexford, and produced the process under which he acted, issued to him by a justice of that county.   This writ was held invalid.   But the court below, nevertheless, held in accordance with section 5971 of the Compiled Laws, that the jury should be discharged and judgment of discontinuance entered.

That section is as follows: "In suits against public officers or against any person specially appointed to execute the duties of such officers for any act done by them by virtue of their offices respectively, and in suits against other persons who, by the command of such officers, or in their aid or assistance, do anything touching the duties of such office, which are required by law to be laid in the county where the fact happened, if it shall not appear on the trial that the cause of such action arose within the county where such trial is had, the jury shall be discharged, and judgment of discontinuance shall be rendered against the plaintiff."

Inasmuch as this was an action involving a trespass on lands it was one required by law to be laid in the county where it occurred (Comp. L. § 5970) and it is not important now to consider what other classes of actions may be within that section.

There is nothing in the objection that the officer was not justified by his writ because defective. The statute covers cases where an officer acts under color of official duty, although there may be some infirmity in the process he is attempting to execute. If this were not so the statute has no meaning at all, for no officer can be held liable to action for acting in all respects lawfully.

Neither is the plaintiff entitled to have the question of official action left to the jury. This also would nullify the statute, which requires the jury to be discharged unless the officer's action was had within the county where suit is brought. When process is shown, and the defendant assumed to act officially under it, the objection which in other cases might perhaps be waived if not taken before the trial, may in this case be raised on the trial. It is addressed to the court and not to the jury, and the court in this case properly decided it.

There is no error in the record, and the judgment must be affirmed with costs.

The other Justices concurred.