GEORGE W. GRAHAM v. VERNON H. SMITH, CIRCUIT JUDGE.

*Public officers—Suits against for official acts—Must be brought in county where act complained of was committed—This is the true construction of How. Stat. sec. 7549—Clause "which are required by law to be laid in the county where the fact happened"—Applies alone to persons who aid and assist such officers.*

1. Suits against public officers, or any persons specially appointed to execute their official duties, for any act done by them by virtue of their offices (or appointment), must be brought in the county where such act was done, and cannot be prosecuted elsewhere; and this is the *true* construction of How. Stat. § 7549.

2. The qualifying clause in said section, "which are required by law to be laid in the county where the fact happened," applies *alone* to persons who aid and assist such officers.

Mandamus. Submitted June 17, 1886. Granted January 24, 1886. The facts are stated in the opinion.

*Wisner & Draper*, for relator.

*Ellsworth & Rarden* and *Adolph Sloman*, for respondent.

MORSE, J. David Jacobson and Jacob Netzorg, residents of Greenville, in the county of Montcalm, brought suit against George W. Graham, the relator, then sheriff of Clare county, in trover, in the circuit court for the county of Montcalm, to recover for the value of certain goods and chattels owned by Zemon & Sable (merchants in business in Clare county), which goods and chattels had been seized by said Graham as sheriff of Clare county, and in that county, under writs of attachment sued out by certain creditors of said Zemon & Sable. Jacobson and Netzorg held a chattel mortgage executed to them upon the goods sued for, and filed properly before the issuing of said attachments.

The cause came on for trial, and the plaintiffs, to maintain their suit, gave evidence tending to show that, at the time of the commencement of said suit, and for several years

prior thereto, they resided at Greenville, aforesaid ; the execution and delivery to them of the chattel mortgage upon the property in controversy, and the amount then due thereon ; the taking of the same property by said relator, defendant, under said attachments, and his refusal to recognize plaintiffs' mortgage thereon ; the value of the goods at the time of his seizure ; and a demand for the goods, and the refusal to deliver under such demand, prior to the commencement of suit.

They then rested their case.

Defendant's counsel then raised the point that, inasmuch as the facts showed that the property was, at the time of such seizure, within the county of Clare, and that the relator was then sheriff of Clare county, and acting under process issued out of the circuit court of that county, the action in Montcalm county was prohibited by section 7549 of Howell's Statutes.

The respondent, circuit judge, held the point well taken, discharged the jury, and entered a judgment of discontinuance in the cause as provided by said section.

A motion was subsequently made by plaintiffs' counsel to vacate and set aside said judgment, which motion, upon notice and hearing of the same, was granted.

The relator asks that the order so made be vacated, and the original judgment of discontinuance restored.

The statute reads as follows :

" In suits against public officers, or against any person specially appointed to execute the duties of such officers, for any act done by them by virtue of their offices, respectively, and in suits against other persons, who, by the command of such officers, or in their aid or assistance, do anything touching the duties of such office, which are required by law to be laid in the county where the fact happened, if it shall not appear on the trial that the cause of such action arose within the county where such trial is had, the jury shall be discharged, and judgment of discontinuance shall be rendered against the plaintiff."

It is contended by the counsel for relator that the circuit judge was right in the first instance ; that the statute intends

to bar any action against a public officer in any county other than the one wherein the fact happened upon which the cause of action is based. Their argument is that the words " which are required by law to be laid in the county where the fact happened " do not qualify or limit the exemption against officers or persons specially appointed to act as officers, but apply alone to persons who aid and assist the officers in the execution of their duties ; that the statute should be read and construed with the clause applied to persons who aid or assist the officers, and that its meaning in their case is that the action against them shall be laid in the county where the fact happened, providing the action is such that, if brought against the officer himself, it would have to be laid in that county.

The respondent's counsel, on the contrary, claim that this qualifying clause limits the bar of the statute as to all classes of persons named in the section ; and that trover being in this State a transitory action, and not local, the order vacating the judgment of discontinuance is valid, and should stand.

This question as to the interpretation of this statute has not been passed upon in this State. In *Morse v. Dunham*, 48 Mich. 591, the Court say :

" Inasmuch as this was an action involving a trespass on lands, it was one required by law to be laid in the county where it occurred, and it is not important now to consider what other classes of actions may be within that section."

It seems to us that the construction of the statute claimed by the relator is the true one. It is evident that the Legislature intended that public officers should be exempt from suits brought against them for acts done by virtue of their offices, unless such suits are prosecuted within the county where the acts are committed. The construction claimed by the counsel for respondent would render the statute entirely useless and superfluous. The statutes provide that certain actions shall be tried in the county where the subject of the action shall be situated. How. Stat. § 7547.

In those actions public officers are exempt from defend-

ing such suits outside of the county where the trespass or injury happened, for the reason that all persons are so exempted. If the intent of this statute, as claimed by respondent's counsel, is only to exempt officers in actions "which are required by law to be laid in the county where the fact happened," the enactment of it was entirely unnecessary, as such officers were already exempt under the section before mentioned. How. Stat. § 7547.

The section 7549 can have no use or place in the laws of this State unless it means to prohibit absolutely the trial of any suit in which a public officer is defendant, for acts committed by virtue of his office, outside the county wherein such acts were done.

This is also a reasonable construction. It is not for the public interest or welfare that a sheriff, or any other public officer, should be dragged away from the place of his official trust and duties, to meet for days and perhaps weeks a trial at any point in the State where some person may live who claims to be aggrieved at this action. I have no doubt but the intent of this statute was to give such officers the privilege of defending their official acts where they were done, and not to vex and harass them, and impede their performance of their official trusts and duties, by calling and keeping them away from the place of their performance at the beck and summons of any person who may choose to bring suit against them.[1]

The statute is most bunglingly worded, and easily capable of misapprehension and false construction, but we can see no other object or purpose in it than above stated. Given that construction, we consider it a wise and beneficent provision, and its operation cannot work any injustice to any one.

The writ will issue as prayed, with costs in favor of relator, against Jacobson and Netzorg, plaintiffs in the suit against him.

The other Justices concurred.

---

[1] See *Pack, Woods & Co. v. Township of Greenbush*, 62 Mich. 122.