BENSON v. ROSS.

WEAPONS—INJURIES—NEGLIGENCE—JOINT TORT FEASORS.
   A plaintiff injured by a stray bullet, negligently shot from a
   rifle in violation of a city ordinance, by one of three defend-
   ants, who were shooting at a mark, using the rifle by turns,
   is not bound to prove which of the defendants fired the shot,
   since if there was concert of action all are liable as joint tort
   feasors.

Error to Wayne; Mandell, J.  Submitted February 15,
1906.  (Docket No. 174.)  Decided March 27, 1906.

Case by Libbie Benson against William J. Ross, Ed-
ward Ross, and Charles E. Haight, for personal injuries.
There was judgment for defendants on a verdict directed
by the court, and plaintiff brings error.  Reversed.

*Charles R. Robertson*, for appellant.

*James H. Pound*, for appellees.

MONTGOMERY, J.  This action was brought against the
three defendants.  Defendant Haight was not served, and
the case proceeded against the defendants Ross.  At the
conclusion of the testimony the circuit judge directed a
verdict for defendants, and plaintiff brings error.
   The sole question presented is whether there was any
testimony tending to show defendants' responsibility for
the injury.  It is undisputed that on the Fourth of July,
1902, the defendant Haight came to the premises of the
defendant William J. Ross, bringing with him a Flobert
rifle, and that a bullet was fired from this rifle which, by
misadventure, struck and inflicted serious injury upon the
plaintiff.  There was testimony on the plaintiff's behalf
tending to show that at the time this injury to plaintiff
occurred the three defendants were engaged in shooting

at a mark, using the rifle by turns. The plaintiff's testimony failed to show who held the gun when the shot which caused the injury was fired. Defendants' testimony tended to show that, some time before the accident, the two defendants Ross had ceased to participate in the firing, and that William J. Ross had requested Haight to shoot no more. The circuit judge seems to have deemed it essential to plaintiff's case to show that the shot was fired by one of the two contesting defendants, or by his affirmative direction. We think this view of the defendants' responsibility too restricted.

There was testimony tending to show that the three defendants were acting in concert in an act, not only violating a city ordinance, but palpably and grossly negligent. If the jury found such concert of action, all would be liable as joint tort feasors. *Jenne* v. *Sutton*, 43 N. J. Law, 257; *Mahnke* v. *Freer*, 126 Mich. 576; *Conradt* v. *Clauve*, 93 Ind. 476. Whether the defendants' testimony was sufficient to overcome the evidence offered on plaintiff's behalf was a question for the jury.

Judgment reversed, and a new trial ordered.

McALVAY, GRANT, HOOKER, and MOORE, JJ., concurred.