FISHER v. RUMLER.

1. VENUE—ACTION FOR FALSE IMPRISONMENT PROPERLY BROUGHT IN COUNTY WHERE FACT HAPPENED.

In an action against resident and nonresident officers for false imprisonment and assault and battery, the court did not lose jurisdiction of the nonresident officers by reason of the discharge of the resident officers; 3 Comp. Laws

---

[1]False Imprisonment, 25 C. J. § 121 (Anno).

1915, § 12340, subd. 8, providing that such actions shall be brought in the county where the fact happened.

2. FALSE IMPRISONMENT — OFFICERS ILLEGALLY SEARCHING HOME LIABLE FOR ACTS OF EACH OTHER.

In an action against two police officers for false imprisonment and assault and battery, where the evidence shows that plaintiff was actually wronged, it is unimportant that the evidence does not disclose which one in fact restrained plaintiff nor which in fact committed the incidental assault and battery, since both were liable for the acts of either in the scope of their joint enterprise in searching the house, without a warrant, to discover evidence of violation of the prohibition law and apprehend the offenders.

3. SAME—RESTRAINT WITHIN COMMON PLAN.

In such action the trial court properly held that restraint of the person or persons then in charge of the house was within the common plan.

4. SAME—TRIAL—INSTRUCTIONS—DAMAGES FOR MENTAL SUFFERING RECOVERABLE.

Where the court, in instructing the jury that plaintiff could be compensated for "mental anxiety," used the words in the sense of mental suffering, there was no error; mental suffering being a proper element of damage in false imprisonment.

5. SAME—DAMAGES—EXCESSIVE VERDICT.

Where a 14-year old girl, in charge of a home, was frightened and rendered hysterical by the action of police officers forcibly entering the home without a warrant and putting her under restraint, but she suffered no physical hurt, the battery being a technical one, a verdict for $1,000 damages is *held*, excessive, on review, and reduced to $600 as condition of affirmance of judgment.

Error to Kalamazoo; Weimer (George V.), J. Submitted April 19, 1927. (Docket No. 120.) Decided June 6, 1927.

Case by Marie Fisher, an infant, by her next friend, against Arthur Rumler and another for false imprison-

---

[2]False Imprisonment, 25 C. J. §§ 70, 71; [3]Id., 25 C. J. § 156; [4]Id., 25 C. J. § 174; [5]Id., 25 C. J. § 186.

ment and assault and battery.     Judgment for plaintiff.     Defendants bring error.     Affirmed, conditionally.

*William W. Potter*, Attorney General, and *Harold J. Waples*, Assistant Attorney General (*Clare Retan*, of counsel), for appellants.

*George B. Gould* (*W. J. Barnard*, of counsel), for appellee.

CLARK, J.     Three police officers, residents of Kalamazoo county, and two police officers, residents of Kent county, in the city of Kalamazoo, observed a man evidently intoxicated.     They took him into custody and inquired of where he had procured intoxicating liquor.     He indicated his willingness to reveal the place, and was driven out into the country and he pointed out a certain farm house within Kalamazoo county.     The two defendants, officers of Kent county, entered the dwelling about 9 o'clock in the evening without invitation or permission and without a search warrant, knowing that they had no right so to do. The other officers, it appears, did not enter the dwelling, but stood by.     In the home were five children, the oldest being the plaintiff, Marie, aged 14 years. The parents were absent at the time.     One defendant sought admission by the front door and was refused by plaintiff, the other defendant came in the back door without permission, and was at once followed by the other officer.     It is established by a clear preponderance of the evidence that the officers entered to search for evidence of making or possessing intoxicating liquor.

Plaintiff adduced evidence that she attempted to leave by the front door, and was detained by one of the defendants, who, in so doing, placed his hand on her arm.     The officers were not long in discovering that

they were mistaken. They apologized to plaintiff and to her parents, who came a moment later.

The declaration counts on false imprisonment and on assault and battery. The suit was begun against the five officers. A trial resulted in a verdict of no cause of action. On motion, a new trial was granted as to the two defendants, officers, residents of Kent county. There was verdict and judgment for $1,000. Defendants bring error.

1. It is contended that by the discharge of the three resident defendants the court lost jurisdiction of the defendants herein, residents of Kent county; citing section 12430, 3 Comp. Laws 1915. But the action was brought properly in Kalamazoo county, where the fact happened, and this because of subd. 8, section 12340, 3 Comp. Laws 1915:

"Suits against public officers, or against any person specially appointed to execute orders of such officers, for any act done by them, by virtue of their offices respectively; and suits against other persons, who by the command of such officers, or in their aid or assistance, do anything touching the duties of such office, shall be commenced and tried in the county where the fact happened."

See *Graham* v. *Montcalm Circuit Judge,* 62 Mich. 147; *Davis* v. *Township of Frankenlust,* 118 Mich. 494.

2. It is urged that verdict ought to have been directed for defendants—

\* \* \* "on the grounds that it was not shown that either of the appellants committed an assault and battery or falsely imprisoned the appellee."

The evidence preponderates to the effect that plaintiff was actually wronged by the appellants. We think it not important that the evidence does not disclose which of the two in fact restrained the plaintiff, nor which in fact committed the incidental assault and battery. There was concert of action. Both were

liable for the acts of either in the scope of their joint enterprise. *Shaw* v. *Moon*, 117 Or. 558 (245 Pac. 318, 45 A. L. R. 600); 36 Yale Law Journal, 886, note. Their primary purpose, as has been noted, was to discover evidence of violation of the prohibitory law, and their ultimate purpose was to apprehend the offender or offenders. We think the court was right in holding that restraint of the person or persons then in charge was within the common plan. Plaintiff, the eldest of the children, was then in apparent charge of the place. She attempted to leave, and was restrained. But it is urged that in no event can it be held that assault and battery was contemplated, or that it was in furtherance of the common design. But the battery here was a technical one, and was accompanied by neither physical injury nor violence. It was a mere touching of the person of the plaintiff, a mere incident of the restraint, the false imprisonment. It is said in 25 C. J. p. 454:

"While false imprisonment always includes at least a technical assault, an accompanying battery is only incidental, and there is of course no battery where the prisoner is not touched."

As restraint was within the scope of the undertaking, so therefore was the technical assault and the mere incidental battery.

3. Defendants argue that the court erred in instructing the jury that the plaintiff could be compensated for "mental anxiety." We think the words were used and understood in the sense of mental suffering. It is well settled that mental suffering, endured because of false imprisonment, is a proper element of damage. 25 C. J. p. 559.

4. One further question merits consideration. We think the verdict excessive. The invasion of the home was wanton and without justification, and this may have influenced the jury. Plaintiff suffered no

physical hurt. She was frightened at the time, crying and somewhat hysterical. The conduct of the officers toward her was not harsh. She left home that very evening to spend the night visiting in the home of a friend.

A review of decisions in like cases (25 C. J. p. 569) leads us to conclude that if plaintiff will remit, within 30 days from the filing hereof, all in excess of $600, the judgment will be affirmed in that amount; otherwise reversed and new trial granted. In either event, defendants will have costs in this court.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.