GAUFIN *v.* VALIND.

1. NEGLIGENCE — FINDING OF JURY — EVIDENCE — FOOD PRODUCTS — STREET PARADE.

> Finding by jury that traveling representative of food packer while in truck of wholesale grocer displaying and distributing food products threw can of food which struck and injured plaintiff *held,* justified by the evidence.

2. APPEAL AND ERROR—WEIGHT OF EVIDENCE—MOTION FOR NEW TRIAL.

> The weight of the evidence is not a reviewable matter on appeal where no motion was made for a new trial.

3. NEGLIGENCE—JOINT ADVENTURE—INSTRUCTIONS—LIABILITY TO INJURED THIRD PARTY.

> Finding of community of interest between traveling representative of food packer and wholesale grocer in displaying and distributing merchandise from latter's truck in street parade *held,* justified by evidence so as to warrant instruction permitting jury to find both defendants liable for negligent act of one which injured plaintiff.

Appeal from Delta; Bell (Frank A.), J. Submitted June 13, 1934. (Docket No. 43, Calendar No. 37,105.) Decided September 18, 1934.

Case by Alma Gaufin against Norbert R. Valind and the Hewett Grocery Company, a Michigan corporation, for personal injuries due to negligence of defendants in distributing samples of canned food during street parade. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Torval E. Strom,* for plaintiff.

*Ryall & Frost,* for defendants.

Nelson Sharpe, C. J.   On July 4, 1930, there was a parade of floats and similar devices on the streets of the city of Escanaba promoted by its Chamber of Commerce.   The defendant Hewett Grocery Company, engaged in the wholesale business of selling groceries and provisions in that city, accepted the invitation to participate in the parade.   The defendant Valind was at that time the traveling representative of the Van Camp Produce Company.

The grocery company had in stock a quantity of the products of the Van Camp Company, consisting of small cans of milk and beans.   Valind purchased five or six cases of them, each containing six or eight dozen cans, and arranged with the grocery company to distribute the cans from its truck in the parade. On each side of the truck was a sign of the defendant company and an advertising sign reading "Van Camp Famous Foods."   Both Valind and employees of the defendant company took part in decorating the truck.   It was driven by the truck driver of the company.   Valind sat in the seat alongside of the driver at least a part of the time and the cans were tossed or thrown to the right and left as they proceeded along the streets.

The plaintiff with several of her friends was standing on the sidewalk watching the parade as the truck passed a drug store on Ludington street and one of the cans was thrown with such force that it struck the pavement near the sidewalk and bounced up and struck one of her feet, injuring her somewhat severely.   This action was brought to recover the damages for the injury thus sustained.   She had verdict and judgment for $1,668.75, from which the defendants have taken this appeal.

The errors assigned are the refusal of the court to direct a verdict in favor of the defendant company, and on the instructions to the jury.

1.   It is urged that the evidence does not support the allegations in the declaration.

The declaration alleged that the can which struck plaintiff's foot was thrown from the rear of the truck "and struck the curb and bounced high in the air and dropped * * * upon the plaintiff's left foot."

The plaintiff testified that as the truck was passing the store a man "was standing in the truck throwing cans," that "when I was standing there I saw this can come directly, thrown with force, like that; and as it came towards me it hit the pavement, and shot up on the sidewalk and hit my foot, directly from the pavement."

The defendant Valind admitted that he threw cans out of the truck but testified that he did so from the cab in which he was sitting; that the cans were passed to him by two girls sitting in the truck; and that he was not on the rear of the truck at any time. Other witnesses also so testified.   But Stanley Osman, who stood on the sidewalk in front of the store, testified that the cans were thrown by a man in the rear of the truck, whom he positively identified as Valind, and that some of them glanced over the pavement.   Harold Norell, who was driving the truck, testified that he dropped out some cans but did not throw any.   There was evidence to justify a finding by the jury that the can which struck the plaintiff was thrown with some force from the truck; that Valind threw it; and whether from the front or rear thereof and whether before it bounded and struck the plaintiff it struck the curb or the sidewalk, is immaterial.   The trial was had more than two years after the occurrence and that witnesses differed as to where the can was thrown from or where it struck might well be expected.

As no motion was made for a new trial, we are not here concerned with the weight of the evidence.

2. The instructions complained of read as follows:

"If two persons act in concert or with a common design or purpose, and one of them commits a negligent act by which a third person is injured without fault or negligence on the part of the third person, then the two so acting in concert are joint wrongdoers and both are liable for the injury, so done, because both owed the common duty to the injured person to do no negligent act towards him.

"In the absence of any common design or some concerted action on the part of the defendants, one person is not responsible for the negligent acts of the other, except under circumstances which are not material here in this case.

"To summarize, if there was concerted action on the part of the defendants in distributing advertising or merchandise in the manner claimed by plaintiff, and one of them in doing so was negligent, and that the plaintiff was injured thereby, and that such negligence was the proximate cause of her injury, then the plaintiff can recover against both defendants. But if you find any act of negligence by either defendant, which did not result from any concerted action, then the plaintiff can recover only against the one at fault."

There was evidence that the truck from which the can, which injured the plaintiff, was thrown belonged to the defendant company; that defendant company accepted the invitation to participate in the parade; that its employees assisted in decorating the truck and it was driven by one of them; that the purpose of exhibiting it in the parade and of casting the cans therefrom was not only to advertise the products of the produce company but also to direct attention to the fact that such products were being

sold by the defendant company. The evidence was sufficient to justify a finding of community of interest in the display as made and the manner in which it was sought to be made effective, and warranted the instruction as given. See *Mahnke* v. *Freer,* 126 Mich. 572; *Benson* v. *Ross,* 143 Mich. 452 (114 Am. St. Rep. 675); and *Keiswetter* v. *Rubenstein,* 235 Mich. 36 (48 A. L. R. 1049).

We have examined the authorities cited and relied on by counsel for the defendants, but in our opinion they are not applicable to the facts here presented.

The judgment is affirmed.

POTTER, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.