McCOY *v.* DeLIEFDE.
DECISION OF THE COURT.

1. NEGLIGENCE—PLEADING—SUMMARY JUDGMENT—AFFIDAVITS.

Dismissal of 2 counts of declaration specifically charging each of 2 of the 3 defendants with negligence in the shooting of plaintiff was not error; where plaintiff did not counter such defendants' motions for summary judgment, supported by their affidavits and by plaintiff's deposition that they had not fired the shot which struck plaintiff (GCR 1963, 117), per T. M. KAVANAGH, C. J., and DETHMERS, KELLY, SOURIS, SMITH, O'HARA, and ADAMS, JJ.

2. SAME—LIABILITY OF PARTICIPANTS—COMMON ACTIVITY.

All persons acting in concert in a common activity are liable for the negligent act of one of them which injures any person, since all participating persons owe a common duty to do no negligent act toward others, per T. M. KAVANAGH, C. J., and BLACK, SOURIS, SMITH, and ADAMS, JJ.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3–6]  41 Am Jur, Pleading § 340 *et seq.*
  56 Am Jur, Weapons and Firearms § 26.
  Liability of several persons guilty of acts one of which alone caused injury, in absence of showing as to whose act was the cause. 5 ALR2d 98.
[2]  38 Am Jur, Negligence §§ 237, 238.
[4]  5 Am Jur 2d, Appeal and Error § 1014.

3. Same—Summary Judgment—Genuine Issues of Material Fact.

A genuine issue of material fact for presentation to jury survived 2 defendants' motions for summary judgment in action against them and another defendant whose bullet injured plaintiff hunter, where the plaintiff's own deposition showed that neither of the 2 defendants had fired such shot, since plaintiff alleged in 1 of his counts that all 3 defendants were jointly liable, having acted in concert to hunt pheasant in a field where corn was so high and thick as to make it difficult to know if another hunter were in the line of fire (GCR 1963, 117.2), per T. M. Kavanagh, C. J., and Black, Souris, Smith, and Adams, JJ.

4. Costs—Hunting Accident—Equally Divided Court.

No costs are allowed in action against 3 defendants for injuries plaintiff sustained in hunting accident, where neither party has completely prevailed, per T. M. Kavanagh, C. J., and Souris, Smith, and Adams, JJ.; Dethmers, Kelly, and O'Hara, JJ., granting costs to defendants; and Black, J., granting costs to plaintiff.

Opinion Dissenting in Part.

Dethmers, Kelly, and O'Hara, JJ.

5. Judgment—Summary Judgment—Hunting Accident.

*Summary judgment for 2 of 3 defendants who had all been charged by plaintiff with negligently, carelessly, and recklessly firing a shotgun resulting in the shot striking and injuring plaintiff held, proper, where in plaintiff's deposition he stated that while all were pheasant hunting such two had not shot him and that the shot came from exact position where third defendant was standing and no question of fact was presented by affidavit of plaintiff or by a witness in his behalf (GCR 1963, 117).*

6. Same—Summary Judgment—Jointly Charged Defendants.

*Summary judgment for 2 of 3 defendants involved in accident while plaintiff and defendants were engaged in hunting pheasants in cornfield and charged jointly with third defendant with responsibility for injury to plaintiff held, proper, where plaintiff's deposition clearly showed the third defendant was the one who hit plaintiff when he was in the illegal act of shooting at a hen pheasant, there being no contradictory testimony presented at the hearing on motion for summary judgment (GCR 1963, 117).*

SEPARATE OPINION.

T. M. KAVANAGH, C. J., and SOURIS, SMITH, and ADAMS, JJ.

See headnotes 1-4.

SEPARATE OPINION.

BLACK, J.

See headnotes 2-4.

Appeal from Kalamazoo; Fox (Raymond W.), J. Submitted March 4, 1965. (Calendar No. 71, Docket No. 50,618.) Decided July 13, 1965.

Declaration by Robert McCoy against James Jacob DeLiefde, John DeLiefde, and James Friar for injuries sustained in a hunting accident. Summary judgment for defendants John DeLiefde and James Friar. Plaintiff appeals. Affirmed in part and reversed in part.

*Small & Shaffer* (*Zoe E. Shaffer*, of counsel), for plaintiff.

*Frederick W. Poel, Jr.*, for defendant John De-Liefde.

*Cholette, Perkins & Buchanan* (*Edward D. Wells*, of counsel), for defendant James Friar.

KELLY, J. (*dissenting in part*). Plaintiff's declaration (filed June 24, 1960) in four counts charged James Jacob DeLiefde in count 1, John DeLiefde in count 2, and James Friar in count 3, of injuring plaintiff, while pheasant hunting, by "negligently, carelessly, and recklessly" firing a shotgun, resulting in the shot striking and injuring plaintiff, and in count 4 made the same charge against all three defendants on the theory of joint liability.

January 2, 1963, defendants John DeLiefde and James Friar filed motions for summary judgment alleging in the affidavit in support thereof that plaintiff's August 15, 1962, deposition (requiring 28 pages of the printed appendix) established under oath: "That said Robert McCoy testified, of affiant's own knowledge, under oath, at said deposition that said James Friar did not shoot him, and that it was his claim that John DeLiefde did not shoot him and there was never any question in his mind but what it was James Jacob DeLiefde who shot him, and he knew that when the suit was started and also when the declaration was prepared; that he knew definitely from his own observation that John DeLiefde or James Friar could not have shot him; that the shot came from the exact position where Dr. James Jacob DeLiefde was standing."

In a written opinion of the court on the motions for summary judgment, Hon. Raymond W. Fox, circuit judge, held:

"By a deposition of the plaintiff under date of August 15, 1962, plaintiff has positively stated under oath that it was defendant James Jacob DeLiefde who shot him.   *   *   *

"At the hearing of the motion for summary judgment, an affidavit was filed by Zoe E. Shaffer, attorney for the plaintiff. In this affidavit counsel swears that at least three witnesses will testify that the shot which injured plaintiff came from the location of the three defendants but that they were uncertain as to which of the three shot, but that they knew one of them did. This, of course, is negative testimony to the degree that the witnesses cannot say which of the three shot, but plaintiff has testified by deposition that he knows which of the three shot and that it was Dr. James DeLiefde.

"There are no contradictory statements by the plaintiff, nor has he filed any affidavit contradicting his testimony in the deposition. Under such circum-

stances, it is the opinion of this court that plaintiff is bound by his own testimony. See 80 ALR 624, 50 ALR 979, and see also *Bolman* v. *Louisville & Nashville Railroad Company* (CA 6), 295 F2d 809.

\* \* \*

"However, the rule is clear and unambiguous, and in the absence of any affidavit by either the plaintiff or any witness in his behalf, it seems to follow that the motion for summary judgment should be granted. For the foregoing reasons, as to counts 2 and 3 a judgment of no cause of action is rendered in accordance with Rule 117, GCR 1963."

Appellant states:

"We submit this ruling (the trial court's) is clearly error. Appellant admits he stated in the discovery deposition that he claimed James Jacob DeLiefde shot him but that statement when viewed as a whole makes it abundantly clear that this statement is the *conclusion* of appellant based on what he observed at the time of the accident. At the same time appellant also stated that he did not see the shot fired, that he did not see the gun, and that he did not see who shot the gun, that he heard the shot, and based on what he heard and saw *before the shot* was fired appellant *concludes* the shot was fired by defendant James Jacob DeLiefde."

The deposition discloses an unusually clear and positive recitation as to what occurred at the time of and just previous to the accidental shooting.

In this deposition plaintiff relates that he was not acquainted with the three defendants when he first saw them 800 to 900 feet west of him; how he watched the three spread out 20 or 30 feet apart as each proceeded east toward him, veering first to the south and then to the north, and then finally coming together as they crossed a ditch, passing him at that time about 15 feet away, then turning east into the cornfield and again spreading out 25 feet apart as they turned south; how he moved south following

them for a distance of about 150 feet, being about 15 feet behind them, and during this time he could clearly see all three as he could "see right across the corn field; the corn was dry and hanging so you could see"; how a black dog was following at Dr. DeLiefde's heels at all times; how Dr. DeLiefde was dressed, wearing "a red leather cap" and that he had on "real thick glasses, thick rims" and had a "bushy long hair cut"; that plaintiff was standing facing east when he was shot; that he heard Dr. DeLiefde's son holler "hen pheasant" and observed the doctor's dog walking around the doctor counter-clockwise, with the doctor turning his body looking down at the dog; that he saw Dr. DeLiefde "instantly" before the shot was fired that almost immediately hit him; that while he did not see the doctor shoot he was positive the doctor shot him as he had "hunted a long time and know where a shot comes from"; that he knew where all three defendants were positioned when the shot was fired and he knew it had to be the doctor that shot him.

Appellant's counsel explains as follows:

"Appellant's counsel, not appellant, was the pleader in the case. Appellant's lawyer pleaded inconsistent causes of action because after listening to the statement of appellant and the other witnesses the lawyer was confronted with uncertainty as to the facts and occurrences which caused appellant's injury. One fact came through all the statements. *One of the three defendants fired the shot which injured appellant, but it is uncertain who fired the shot.*" (Emphasis added.)

No explanation, however, is offered why the names of the witnesses are not divulged or why their affidavits were not offered to sustain appellant's counsel's contention.

The court did not err in holding that "in the absence of any affidavit by either the plaintiff of any

witness in his behalf," judgment of no cause of action is rendered as to counts 2 and 3.

Count 4 charging joint liability is based on the charge that "defendants were engaged jointly in the negligent activity of hunting in a corn field wherein their visibility was impaired," and "that all of said defendants and each of them knew or should have known that it was extremely dangerous to the rights and safety of plaintiff and others to hunt and fire a gun under such circumstances and that to do so would be acting in utter disregard of the rights and safety of plaintiff and others, that nevertheless all of the said defendants, without due caution and regard for the rights and safety of plaintiff and others did hunt in said corn field, together in concert and with a common design."

In the opinion holding that the motions of John DeLiefde and James Friar for summary judgment should also be granted as to count 4, the court held:

(a) "The rule as to joint liability seems to be that where two or more persons are negligent and plaintiff does not know which party's negligence caused his injury, that plaintiff can recover of both," would not apply under the court's ruling in re counts 2 and 3 finding "from the deposition of plaintiff that it was Dr. James Jacob DeLiefde" who shot at the pheasant and hit plaintiff;

(b) "There is no claim that hunting in a cornfield constitutes a violation of any statute or ordinance, nor is there any claim that it is a criminal or unlawful act. There is no allegation that the defendants John DeLiefde and/or James Friar concurred in the unlawful act of shooting a hen pheasant, nor is there any allegation or claim that they concurred in James Jacob DeLiefde shooting, if he did, without observing where the plaintiff was."

Referring to plaintiff's attorney's affidavit in opposition to the motions to the effect that the corn

was "thick, in excess of seven feet high", appellees state:

"The affidavits are not made on the personal knowledge of the plaintiff's attorney; they are based at best on hearsay of other witnesses. No affidavit of any of these witnesses was filed. For the reasons previously discussed, we submit the affidavits of plaintiff's attorney are a nullity.

"Plaintiff has repeatedly testified that he could see through the corn, and this is uncontradicted. The very bases [basis?] of the plaintiff's case thus falls, since the uncontradicted testimony of plaintiff is that one could see through the corn field and the respective parties could see each other."

The court did not err in entering the order granting summary judgment.

Affirmed. Costs to appellees.

Dethmers and O'Hara, JJ., concurred with Kelly, J.

Souris, J. I agree with Mr. Justice Kelly's conclusion that, since plaintiff unequivocally had deposed that defendants John DeLiefde and James Friar did not fire the shot which struck him, and since plaintiff did not counter defendants' motions for summary judgment by offering any other evidence, by affidavit or otherwise, that either of them did, the trial court did not err in dismissing those counts of the declaration specifically charging those two defendants with having shot plaintiff negligently.

The trial court erred, however, in dismissing count 4 of plaintiff's declaration by which plaintiff sought to hold all three defendants jointly liable. Plaintiff's theory of defendants' joint liability is that all three of them had engaged negligently in the concerted activity of hunting, the alleged negligence

consisting of hunting and firing firearms in a field where the corn was so high and thick that it was very difficult to know if another hunter were in the line of fire.

The fact that only one of the defendants might by his direct act have injured plaintiff does not necessarily absolve the other defendants. In *Mahnke* v. *Freer* (1901), 126 Mich 572, plaintiff brought suit against four defendants who had allegedly been driving their four horse-drawn carriages rapidly along a street. Plaintiff, riding a bicycle, collided with one of the carriages and was injured. All testimony indicated that it was defendant Freer's carriage which struck plaintiff. The Court found no error when the trial court charged as follows:

"If, at the time, the plaintiff was in the exercise of due care, and there was a concert of action on the part of the defendants to race their horses, the plaintiff could recover against all the defendants; but, before he could recover against any of them, the jury must find that their negligence was * * * [a] proximate cause of the injury. If, however, they found that such negligence did not extend to all the defendants, then the verdict might be rendered against such defendant as was in fault, if the plaintiff himself was using due care." 126 Mich 572, 576.

A similar situation was presented by *Benson* v. *Ross* (1906), 143 Mich 452 (114 Am St Rep 675). There, plaintiff brought suit against three defendants, alleging that while the three were taking turns firing a rifle, one of them shot him.

"Defendants' testimony tended to show that, some time before the accident, the two defendants Ross had ceased to participate in the firing, and that William J. Ross had requested Haight to shoot no more. The circuit judge seems to have deemed it essential to plaintiff's case to show that the shot was fired by one of the two contesting defendants, or by his

affirmative direction. We think this view of the defendants' responsibility too restricted.

"There was testimony tending to show that the three defendants were acting in concert in an act, not only violating a city ordinance, but palpably and grossly negligent. If the jury found such concert of action, all would be liable as joint tort-feasors. *Jenne* v. *Sutton,* 43 NJLaw 257 [39 Am Rep 578]; *Mahnke* v. *Freer,* 126 Mich 572, 576; *Conradt* v. *Clauve,* 93 Ind 476 [47 Am Rep 388]. Whether the defendants' testimony was sufficient to overcome the evidence offered on plaintiff's behalf was a question for the jury." 143 Mich 452, 453.

Although the *Benson* Court observed that the defendants there were acting not only negligently but also in violation of a city ordinance, this latter factor is not a prerequisite to imposition of negligence liability if the former be present. This is demonstrated by *Gaufin* v. *Valind* (1934), 268 Mich 269. There, defendants appealed from a jury verdict awarding damages to plaintiff for injuries she sustained when she was struck by a can thrown from a truck during a parade. Defendants were a wholesale grocer and Valind, a representative of a canning company. Employees of the grocer and Valind had decorated the truck, had driven it in the parade, and had thrown cans therefrom for advertising purposes. No reference to any statutory violation was made, and the Court approved this jury instruction, and others:

" 'If two persons act in concert or with a common design or purpose, and one of them commits a negligent act by which a third person is injured without fault or negligence on the part of the third person, then the two so acting in concert are joint wrongdoers and both are liable for the injury, so done, because both owed the common duty to the injured person to do no negligent act towards him.' " 268 Mich 269, 272.

Whether, upon trial, plaintiff can prove facts to support his allegations is, of course, a question the determination of which must await that event. Plaintiff did succeed in *Gaufin:*

"The evidence was sufficient to justify a finding of community of interest in the display as made and the manner in which it was sought to be made effective, and warranted the instruction as given." 268 Mich 269, 273.

Thus, even if it be admitted that it was defendant James DeLiefde who shot plaintiff, this in itself would not necessarily absolve the other defendants from liability. Plaintiff's count 4 stated a cause of action within the authority of *Benson, Mahnke,* and *Gaufin, supra,* since it alleged that all three defendants were jointly engaged, negligently, in a concerted activity as a result of which plaintiff was injured. Thus was created a genuine issue of material fact (GCR 1963, 117.2), namely, whether defendants had so acted, and neither plaintiff's deposition nor defendants' attorney's affidavit sufficed to eliminate this issue on defendants' motions for summary judgment, which issue plaintiff was entitled to have resolved by a jury.

Affirmed in part and reversed in part. No costs, neither party having completely prevailed.

T. M. KAVANAGH, C. J., and SMITH and ADAMS, JJ., concurred with SOURIS, J.

BLACK, J. Excepting the conclusions reached in the first paragraph of Justice SOURIS' opinion, I concur fully with him.

Summary judgment as entered should be reversed outright, with costs to plaintiff.