HOLLIDAY v McKEIVER

Docket No. 86839. Submitted May 6, 1986, at Grand Rapids. Decided September 11, 1986.

Kenneth A. Holliday, after being struck by shotgun pellets in his left forearm and left eye while hunting for pheasant, filed a negligence action against John McKeiver, Arthur Feltenberg, Walter Jones, James R. Boos, Mark S. Idema, and Gordon Dickerson, who were all present at the scene of the hunting accident. The Kent Circuit Court, George R. Cook, J., granted summary disposition in favor of defendant Idema, who was only an observer, had no hunting permit, and carried no gun at the time of the accident, and defendant Dickerson, who did not fire a shot. Plaintiff appealed.

The Court of Appeals *held:*

1. Negligence by defendants Idema and Dickerson cannot be inferred from their alleged violations of either the statute which prohibits hunting within 150 yards of an occupied building or the statute concerning reckless discharge of firearms. The first statute was intended to protect the occupants of, or animals housed in, certain structures, and the second statute is not relevant since defendant Idema had no gun and defendant Dickerson did not fire his.

2. Plaintiff failed to show how defendants Idema and Dickerson were negligent in their actions. Plaintiff's concert of action theory of liability against these defendants necessarily fails since proof of tortious action was lacking.

Affirmed.

1. GAME — HUNTING SAFETY ZONES.

The statute which prohibits hunting within 150 yards of an occupied building was intended to protect the occupants of, or animals housed in, such buildings and not other hunters (MCL 312.10b; MSA 13.1339[2]).

REFERENCES

Am Jur 2d, Fish and Game § 47.

Am Jur 2d, Torts §§ 61-70.

See the annotations in the Index to Annotations under Fish and Game; Joint Tortfeasors.

2. NEGLIGENCE — CONCERT OF ACTION.

   The theory of concert of action is a legal fiction whereby all those engaged in a concerted activity can, under certain circumstances, be found to be the cause in fact of a plaintiff's injury although only one person actually caused the injury.

3. NEGLIGENCE — CONCERT OF ACTION — SUMMARY DISPOSITION.

   A plaintiff relying on the concert of action theory, to withstand a motion for summary disposition based on a failure to state a cause of action, need only allege that the defendants were jointly engaged in tortious activity, as a result of which the plaintiff was harmed; if the plaintiff can establish that all defendants acted tortiously pursuant to a common design, they will all be held liable for the entire result.

*Ryan & Podein, P.C.* (by *Michael W. Podein*), for Kenneth A. Holliday.

*Linsey, Strain & Worsfold, P.C.* (by *Dale M. Strain*), for Mark S. Idema.

*Bremer, Wade, Nelson & Alt* (by *William M. Bremer* and *Phillip J. Nelson*), for Gordon Dickerson.

Before: DANHOF, C.J., and D. E. HOLBROOK, JR., and M. E. DODGE,* JJ.

PER CURIAM. This action arises out of a hunting accident in which plaintiff was struck in the left forearm and left eye by shotgun pellets fired from the guns of one or more of defendants. The eye wound resulted in permanent and total loss of vision in that eye. Because plaintiff could not positively identify who shot him, he commenced suit against all of the hunters who were present. The circuit court granted summary disposition for defendants Idema and Dickerson, from which plaintiff appeals.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff was hunting with his stepson and defendants Jones and Feltenberg. Defendants McKeiver, Boos, and Idema were members of another hunting party, though Idema was along only as an observer. He did not have the necessary hunting permit and carried no gun. Dickerson was by himself.

At the starting time for the put-and-take pheasant hunt, the hunters began walking abreast from the parking lot into the designated area. They did this for safety purposes. As plaintiff started to return to the parking area, Boos' dog scared up a pheasant. Several shots were fired; one by either McKeiver or Boos, and several by the other hunters but not by Dickerson. The same or a second pheasant then flew low to the ground and shots were fired by Jones, Feltenberg, or plaintiff's stepson. McKeiver fired a final shot. Within a few seconds, plaintiff yelled out that he had been hit. Subsequent investigation by the Kent County Sheriff's Department failed to reveal who fired the shots actually injuring plaintiff.

Plaintiff claimed that he was entitled to recover from all the hunters because they were engaged in a "concert of action" which resulted in his being shot. Plaintiff also asserted that the hunters violated MCL 312.10b; MSA 13.1339(2) by hunting within 150 yards of an occupied building.

Dickerson moved for summary disposition pursuant to MCR 2.116(C)(8) or (10), asserting that he was not a member of any hunting party, did not engage in any "concert or action" with other defendants, and did not shoot prior to plaintiff's injuries. Idema moved for summary disposition on the ground that he was a mere unarmed and unlicensed observer, not engaged in any joint action and with no control over defendants' activi-

ties. The circuit court granted summary disposition.

With regard to violations of MCL 312.10b; MSA 13.1339(2), it appears to us that the statute is intended to protect the occupants of, or animals housed in, certain structures, not other hunters, so that any violation would not give rise to an inference of negligence. Moreover, while the record fails to reveal exactly how defendants violated the statute, we conclude that, even if defendants violated the statute, any such violation was not the cause in fact or the proximate cause of plaintiff's injuries. Plaintiff was injured because shotgun pellets struck him in the eye and forearm, not because defendants were hunting in a prohibited area. See *Klanseck v Anderson Sales & Service, Inc,* 136 Mich App 75, 80; 356 NW2d 275 (1984), lv gtd 422 Mich 936 (1985); *Shepherd v Short,* 53 Mich App 9, 11; 218 NW2d 416 (1974). Nor could Idema or Dickerson have even violated the statute, as the former had no gun and the latter did not fire his.

For these same reasons, we are not convinced that Idema and Dickerson violated MCL 752.861; MSA 28.436(21), concerning reckless discharge of firearms.

A similar causation problem plagues plaintiff's second argument. Plaintiff argues that all defendants should be jointly and severally liable because of their concert of action. The theory of concert of action is a legal fiction whereby all those engaged in a concerted activity can, under certain circumstances, be found to be the cause in fact of a plaintiff's injury although only one person actually caused the injury. To withstand a motion for summary disposition based on a failure to state a cause of action, a plaintiff relying on the concert of action theory need only allege that the defen-

dants were jointly engaged in tortious activity, as a result of which the plaintiff was harmed. If a plaintiff can establish that all defendants acted tortiously pursuant to a common design, they will all be held liable for the entire result. *Abel v Eli Lilly & Co,* 418 Mich 311, 337-338; 343 NW2d 164 (1984), cert den sub nom *E R Squibb & Sons, Inc v Abel,* 469 US 833; 105 S Ct 123; 83 L Ed 2d 65 (1984). Even if a particular defendant caused no harm himself, that defendant is liable for the harm caused by the others because all acted jointly. *Cousineau v Ford Motor Co,* 140 Mich App 19, 31-33; 363 NW2d 721 (1985), lv den 422 Mich 931 (1985), cert den sub nom *Firestone Tire & Rubber Co v Cousineau,* — US —; 106 S Ct 352; 88 L Ed 2d 320 (1985). See also Prosser & Keeton, Torts (5th ed), § 46, pp 322-324.

We note that plaintiff is apparently not relying on the legal theory of alternative liability. To meet the eased burden of that theory, a plaintiff must show (1) that all the defendants have acted tortiously, (2) that the plaintiff has been harmed by the conduct of one of the defendants, and (3) that the plaintiff, through no fault of his own, is unable to identify which defendant caused the injury. *Abel supra,* pp 331-332. The concert of action theory does not require that a plaintiff be unable to identify the specific defendant who caused the plaintiff's injury in fact. *Abel, supra,* p 338.

With regard to the theory plaintiff actually briefed, we fail to see how Idema was acting in concert with the other hunters while unarmed. It is not enough that he was with McKeiver and Boos, and entered the field with them. Nor are we persuaded that Dickerson, who was not a member of any hunting party but was with the others solely because all arrived before the starting time and who fired no shots, was acting in concert. We

will not impute concerted activity merely because plaintiff and all defendants entered the field together in a manner typically used for hunting safety. As such, the instant case is readily distinguishable from a case such as *Benson v Ross*, 143 Mich 452; 106 NW 1120 (1906), where it was immaterial who held the gun as "the three defendants were acting in concert in an act, not only violating a city ordinance, but palpably and grossly negligent."

Under either the concert of action theory or the alternative liability theory, plaintiff must show *tortious action* by each defendant against whom liability is sought. See Prosser & Keeton, *supra,* p 324. Despite some language suggesting otherwise in *Gaufin v Valind,* 268 Mich 269, 272; 256 NW 335 (1934), quoted later in *McCoy v DeLiefde,* 376 Mich 198; 207-208; 135 NW2d 916 (1965), we believe this is the clear import of *Abel, supra,* p 336, conditioning liability on the requirement that "all defendants acted tortiously." The language from *Gaufin* quoted by plaintiff is from the trial court's instructions in that case. The remainder of the decision in *McCoy, supra,* p 208, seems consistent with *Abel.* See also *Walters v Sargent,* 390 Mich 775; 210 NW2d 315 (1973), adopting Judge HOL-BROOK's dissent at 46 Mich App 379, 384-392; 208 NW2d 207 (1973). Plaintiff simply fails to specify how Idema or Dickerson were negligent in their actions. As there were no genuine issues of material fact, the trial court did not err in granting summary disposition for Idema and Dickerson.

Affirmed.