**Deborah M. MARSHALL, Individually and as Personal Representative of the Heirs and Estate of Frederick A. Marshall, Jr., Deceased, Plaintiff,**

v.

**The CELOTEX CORPORATION, Armstrong World Industries, Inc., Fibreboard Corporation, Keene Corporation, Keene Building Products Corporation, and Pittsburg Corning Corporation, Defendants.**

Civ. A. No. 82–73643.

United States District Court, E.D. Michigan, S.D.

Aug. 18, 1988.

Robert E. Sweeney, Sr. and Jr., Cleveland, Ohio, Kenneth B. Williams, East Lansing, Mich., for plaintiff.

Clayton Farrell, Collins, Einhorn & Farrell, Southfield, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

Plaintiff seeks to recover damages for the death of her husband, Frederick Marshall ("Marshall"), allegedly as a result of exposure to asbestos-containing products. Remaining defendants, The Celotex Corporation, Fibreboard Corporation, Keene Corporation and Pittsburg Corning Corporation, renew a motion for judgment following trial. I have subject matter jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332.

Marshall died in 1981 of peritoneal mesothelioma. Plaintiff alleges that his death was the result of exposure to asbestos-containing products during his employment as a pipe-coverer and a ship-fitter at the United States Naval Station in Guantánamo Bay, Cuba ("naval station"), from 1967 to 1971.

Plaintiff is not able to identify which defendant's product caused her husband's injury, nor can she show that any of defendants supplied asbestos-containing products to the naval station. There are neither witnesses nor evidence to indicate which manufacturer's products were present at the naval station.

The asbestos-containing products arrived at the naval station in bulk, in white paper wrapping, with no manufacturer's mark. Neither Marshall nor his fellow workers were able to identify any products with which they worked. Nor has plaintiff been able to locate any evidence indicating which manufacturer's products were used. The only evidence plaintiff has obtained is Qualified Products Lists ("products list").

The products list indicates which manufacturers are approved by the Navy to supply products to it. The products list is not restricted to Guantanamo Bay Naval Station, it is for all of the Navy's facilities worldwide. The products list does not indicate which manufacturer's products were actually purchased, it indicates only which manufacurer's products were approved for purchase by the Navy.

The products list identified eight possible suppliers of the relevant asbestos-containing products, pipe and block insulation. Plaintiff did not name two of those suppliers in her original complaint.[1] The remaining six suppliers had been named in the complaint: The Celotex Corporation, GAF Corporation, Fibreboard Corporation, Keene Corporation, Pittsburg Corning Corporation, and Nicolet, Inc. Consent judgments were entered against Nicolet, Inc. and GAF Corporation.

Plaintiff seeks to proceed against defendants under the concert of action theory of liability. I previously granted defendants' motion for summary judgment on plaintiff's theories of alternative liability, market-share liability, and enterprise liability. 651 F.Supp. 389 (E.D.Mich.1987).

Thus, the only remaining theory of liability left to plaintiff is concert of action liability. Under this theory of liability, tort-feasors who act in concert to produce a tortious result are jointly and severally liable to the injured party.

Defendants moved for summary judgment and on January 29, 1987 I heard argument. I asked plaintiff to proffer evidence of both concerted activity and its relationship to Marshall's death. This case was then set for trial. On the morning of trial, however, plaintiff admitted that she would not be able to introduce any evidence that even one of defendants had supplied asbestos-containing products to the naval station.

---

1. Johns–Manville Corporation and Owens–Corning Fiberglass Corporation. Plaintiff did not name Johns–Manville because it had filed for bankruptcy status.

Since Michigan law is unsettled on the issue of whether plaintiff must identify a particular defendant as having supplied the product which caused the injury, I certified this question to the Michigan Supreme Court. 660 F.Supp. 772 (E.D.Mich.1987). The Michigan Supreme Court declined to answer the certified question. 429 Mich. 1213 (1987).

Defendants have now renewed their motion for judgment on plaintiff's concert of action theory. The issue before me is whether plaintiff may proceed under the concert of action theory of liability against the remaining four defendants where she cannot show that any of defendants supplied asbestos-containing products to the naval station.

■ Under the concert of action theory, a person may be held liable for concerted activity which causes injury to another, though that person was not the cause in fact of the injury. The *Restatement (Second) of Torts* § 876 (1965) states the concert of action theory thus:

> For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he (a) does a tortious act in concert with the other or pursuant to a common design with him, or (b) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so conduct himself, or (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

■ The concert of action theory is not, unlike alternative liability or market-share liability, fashioned to ease plaintiff's burden of proving causation by shifting that burden onto defendants. Indeed, it cannot have that effect.[2] Since all defendants have committed a tortious act, none can "prove himself out" by showing which defendant caused the injury in fact.

The concert of action theory of liability has been adopted in Michigan. The classic paradigm of concert of action is a drag race. All the participants in the race may be held liable, even though only one may have caused the injury. In Michigan the courts have also held hunters jointly liable under the concert of action theory for injury received during a negligent group hunt. *E.g., Walters v. Sargent,* 390 Mich. 775, 210 N.W.2d 315 (1973); *Gaufin v. Valind,* 268 Mich. 269, 256 N.W. 335 (1934); *Fisher v. Rumler,* 239 Mich. 224, 214 N.W. 310 (1927). Concert of action theory was held applicable in product liability actions in *Abel v. Eli Lilly & Co.,* 418 Mich. 311, 343 N.W.2d 164 (1984), and *Cousineau v. Ford Motor Co.,* 140 Mich.App. 19, 363 N.W.2d 721 (1985), *cert. denied sub nom. Firestone Tire & Rubber Co. v. Cousineau,* 474 U.S. 971, 106 S.Ct. 352, 88 L.Ed.2d 320.

Plaintiff argues, citing *Cousineau,* that even though she cannot show that any of the defendants supplied products to the naval station during the relevant time period, she may nevertheless hold these four defendants liable.

In *Cousineau* plaintiff's decedent was killed by the explosion of a three-piece truck rim. After the accident the rim parts were intermingled with stock, and plaintiff was unable to identify which manufacturer's product had caused the injury. 140 Mich.App. at 23–24, 363 N.W.2d at 724–25. Plaintiff, proceeding under the concert of action theory, *inter alia,* joined the "only major manufacturers" of the rims, which were interchangeable and thus generic. 140 Mich.App. at 24–25, 363 N.W.2d at 725. The trial court granted defendant wheel manufacturers' motion for summary judgment on the ground that plaintiff was unable to identify the manufacturer of the rim which caused the injury. 140 Mich. App. at 28, 363 N.W.2d at 726.

The Michigan Court of Appeals held that the trial court erred. The court held that it was not necessary to join the party who caused the injury in fact:

> [I]t does not matter if the party causing the injury in fact is not joined in the concert of action claim, since all those acting in concert, named and unnamed

**2.** *Contra Abel v. Eli Lilly & Co.,* 418 Mich. 311, 338 n. 19, 343 N.W.2d 164, 176 n. 19 (1984).

**1048**

defendants, are jointly and *severally* liable for the entire harm.

*Cousineau,* 140 Mich.App. at 32, 363 N.W. 2d at 728. On this basis, the court held that plaintiff could recover from the defendant wheel manufacturers on a concert of action theory.

Under the concert of action theory identification of the tort-feasor who is the cause in fact of the injury is secondary. *Hall v. E.I. Du Pont de Nemours & Co., Inc.,* 345 F.Supp. 353, 372 (E.D.N.Y.1972); *Abel,* 418 Mich. at 338–39, 343 N.W.2d at 176; *Cousineau,* 140 Mich.App. at 32–33, 363 N.W.2d at 728. But plaintiff's proposed application goes far beyond the situations in which the courts have applied the concert of action theory. Plaintiff seeks to cut the cord that binds liability and responsibility for the injury. While that bond has been loosened in the concert of action theory, it has only been when plaintiffs have joined a significant majority of the potentially responsible parties.

For example, in *Hall,* plaintiff had joined virtually the entire blasting cap industry, the manufacturers and their trade association. 345 F.Supp. at 358. In *Abel,* plaintiffs alleged that they had joined all the known manufacturers and distributors of DES in the state of Michigan during the relevant seventeen-year period. 418 Mich. at 321, 343 N.W.2d at 168. In *Cousineau,* plaintiff alleged that she had joined the only major manufacturers of wheels similar to the one which caused the injury. 140 Mich.App. at 25, 363 N.W.2d at 725.

Here, only four defendants remain. Without proof that these four manufacturers comprise a majority of the asbestos products industry, it would be highly inequitable to hold these four defendants legally responsible for decedent's injury when there is absolutely no showing that any of them supplied asbestos-containing products to the naval station.

Plaintiff's proposed application of the concert of action theory is far more sweeping than the alternative measures of liability which I earlier rejected. Under plaintiff's proposed application, the concert of action theory contains no limitations to defendants' liability. Defendants may not show that another is the cause in fact of the injury and absolve themselves of liability, as in alternative liability. Defendants' liability is joint and several, and not apportioned according to their market share, as in market-share liability. Plaintiff's proposed application would hold these four defendants as insurers not only of their own products, but also of their competitors. I found this objectionable in the market-share liability theory, and I find it more so in the concert of action theory.

Thus, I hold that plaintiff may not proceed under the concert of action theory where she is unable to show that any defendants supplied asbestos-containing products to which Marshall may have been exposed.

My difficulties with plaintiff's proposed extension of the concert of action theory are illustrated by the proposed jury instructions plaintiff submitted. In plaintiff's proposed jury instructions as to concert of action and proximate cause, plaintiff admits that none of these manufacturers may have supplied the asbestos-containing products to which Marshall was exposed. This understates plaintiff's proof; there is a complete lack of proof as to who actually supplied products to the naval station. Nonetheless, plaintiff states, she is entitled to impose liability on defendants under the concert of action theory. Plaintiff later states that defendants may be liable despite the fact that she cannot identify the specific defendant who caused Marshall's injury in fact. Again plaintiff understates her proof; she cannot show that any of these defendants supplied asbestos-containing products to the naval station. It may well be that none of the defendants supplied asbestos-containing products to the naval station.

In her proposed instructions plaintiff does not address the problem of how these four defendants, whose products she admits she cannot show were supplied to the naval station, can be held liable for causing Marshall's injury. Without such a showing, I do not see how I could fairly instruct a jury. Any instruction I would give, as

illustrated by plaintiff's proposed instruction, would give the jury an unbridled license to speculate.

For the foregoing reasons, defendants' motion for judgment is GRANTED. IT IS SO ORDERED.