No. 12,410.

Reyher et al. *v.* Mayne.
(10 P. [2d] 1109)

Decided May 2, 1932.

Mr. D. B. KINKAID, Mr. GRANBY HILLYER, Mr. GRANBY R. HILLYER, for plaintiffs in error.

Mr. JAMES C. LANG, Mr. JOHN H. VOORHEES, Mr. L. E. LANGDON, for defendant in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

MAYNE, plaintiff, sued Herman and Charles Reyher, defendants, for damages of $5,234.50, the general basis for claim being that defendants, without right, entered upon certain premises where plaintiff was in the legal enjoyment of hunting privileges, and carelessly, recklessly and negligently discharged guns at plaintiff's decoy geese, killing some of them, and that shot from one of the discharges struck and injured plaintiff. He also claimed that the circumstances warranted the recovery of exemplary damages of $2,000. Defendants made denial, and alleged that plaintiff's injuries, if any, were the result of his own negligence. On trial to a jury the plain-

tiff prevailed and his recovery was fixed at $700 actual and $300 exemplary damages.

The testimony tended to show that plaintiff, a licensed guide and hunter, had been authorized by the owner to hunt on the premises bordering on the lake where the happenings which form the basis of the action took place; that near this lake there had been constructed blinds or pits for use of hunters in which, with the owner's permission, plaintiff and two others were; that plaintiff had placed twelve live geese, as decoys, harnessed and secured along the shore of the lake, on both sides and in front of the blinds; that suddenly plaintiff heard the fire of guns and observed that his decoy geese to the right were being shot; that he arose in protest and himself received into his face and upper body the discharge of a gun held by the defendant Herman Reyher, who had changed his line of fire so as to bring it to bear on geese directly in front of the pits. It further appeared that the land was fenced and "posted," and that on the closed gate which defendants opened for the purpose of entry there was a sign, "No Hunting or Trespassing Allowed." Defendants testified that they did not see the sign, and that their attention was fixed on a flock of geese flying above the lake.

Objection is urged to some instructions given, as well as to the refusal of instructions requested. We have examined the record particularly on the points mentioned and, with the exception hereinafter noted, our conclusion is that the charge fairly presented the issues and correctly and amply stated the law of the case. Detailed discussion would not be of value.

Errors warranting exposition are: (1) Denying change of place of trial; (2) giving judgment against Charles Reyher, who did not fire the shot that resulted in plaintiff's personal injuries; and (3) awarding of exemplary damages.

1. The application for change of place of trial was based on the alleged bias of the people of the county

of the venue, of which plaintiff was sheriff, making it impossible, so it was said, to secure an impartial jury. There were affidavits in support of the application as well as against it. We have repeatedly held that in the absence of abuse of discretion the trial court's determination of the question is controlling on review. *Abshier v. People,* 87 Colo. 507, 289 Pac. 1081; *Erbaugh v. People,* 57 Colo. 48, 140 Pac. 188; *Kerr v. Burns,* 42 Colo. 285, 93 Pac. 1120; *Doll v. Stewart,* 30 Colo. 320, 70 Pac. 326. The application is novel only in that plaintiff was sheriff of the county where the cause of action arose and where he was seeking judicial redress. Such fact, while necessarily challenging the court's best consideration and solemn judgment, constituted only an element and does not authorize a change as a matter of right. Examination of the record indicates the court sensed the gravity of the point and that in making the determination there was no abuse of discretion.

2. Was it error to give judgment against defendant Charles Reyher? As we have seen, it was Herman Reyher, not Charles, who fired the shot that resulted in plaintiff's bodily injury. It appears, nevertheless, that defendants were acting in concert; both were on land where in law they were without right to be and were engaged in shooting in such circumstances that they were violating plaintiff's rights. It would seem that through mere chance one and not the other fired the shot that wounded the plaintiff. Charles as well as Herman fired at and killed some of plaintiff's decoy geese and while they persisted in this unlawful act the plaintiff was injured. The destruction of the geese constituted a part of plaintiff's cause of action. He sought recovery for all the damages suffered, and of both defendants. Shall Charles be allowed to say that in the general fusillade in which he and his brother engaged he shot only geese, and that his brother alone may be held for the graver results? We are not of that opinion. It is the fact of participation, not the degree, or the extent, or the particu-

lars, that makes every participant in such a tort liable. It is a thing integral and indivisible. Each defendant here is properly answerable for the sum or aggregate of the damage inflicted by both wrongdoers. 26 R. C. L. p. 763, §13, p. 766, §15.

3. The court submitted to the jury the right of recovery of exemplary damages. The defendants excepted, and urge that the evidence did not warrant recovery in that regard. "Whether there is any evidence to justify the finding of exemplary damages is a question for the court. If there is none, it is error to submit the question to the jury." *Moody v. Sindlinger*, 27 Colo. App. 290, 149 Pac. 263. "It is error to submit the question of punitive damages to the determination of the jury in the absence of evidence of any requisite element for the application of the rule." 17 C. J. 973. The right to have exemplary damages is based on the legislative enactment of 1889, C. L. 1921, §6307, which reads: "That in all civil actions in which damages shall be assessed by a jury for a wrong done to the person, or to personal or real property, and the injury complained of shall have been attended by circumstances of fraud, malice or insult, or a wanton and reckless disregard of the injured party's rights and feelings, such jury may, in addition to the actual damages sustained by such party, award him reasonable exemplary damages." While we think, the circumstances considered, there was justification for the compensatory award, we do not find from the record any basis for the recovery of exemplary damages.

The affair was most unfortunate. The plaintiff, accompanied by two friends, was engaged in hunting geese, had placed decoy geese as we have seen, and was occupying a blind. The defendants, young farmers from an adjoining county, were in quest of wild geese. It is true they were wrongfully on the premises, but that which gave rise to plaintiff's cause was only incidental to the trespass. There is no reason whatever to believe the defendants were prompted by any evil purpose toward

plaintiff. After entering the general premises they concealed their car in a depression. Soon they heard geese, the sounds apparently coming from the nearby lake, and crawled for a long distance toward the place where the sounds appeared to originate. They did not see the plaintiff or his companions, nor did they see any evidence of blinds in which hunters might be concealed. When from the sounds the defendants considered they were near enough to do effective shooting they rose; the decoy geese started as if to fly and the defendants, thinking them wild geese, fired at them, and while firing and before they had knowledge of the quality of the geese, or of the blinds or their occupancy by the plaintiff and the others, the plaintiff unexpectedly emerged and was struck. Defendants immediately manifested surprise and concern and rushed to plaintiff's aid, expressing keen regret and proffering and rendering their best services. We conclude that the circumstances negatived any evil intent on the part of defendants to injure plaintiff, and that they were not guilty of such wanton and reckless disregard of plaintiff's rights as to evidence wrongful motive. There was entire absence of malice. The assignment on this point must be sustained. *Page v. Yool,* 28 Colo. 464, 65 Pac. 636; *Crymble v. Mulvaney,* 21 Colo. 203, 40 Pac. 499; 17 C. J. 988.

Let the judgment be modified in conformity with these views, and as modified be affirmed.

Mr. Chief Justice Adams, Mr. Justice Campbell and Mr. Justice Moore concur.