**Charles E. HELLUMS, Appellant–
Plaintiff,**

v.

**Alan D. RABER, Appellee–Defendant.**

No. 14A01–0602–CV–68.

Court of Appeals of Indiana.

Aug. 25, 2006.

Bruce A. Smith, Washington, IN, Attorney for Appellant.

David S. Christoff, Indianapolis, IN, Attorney for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Charles D. Hellums appeals the trial court's grant of Alan Raber's motion for summary judgment. We reverse and remand.

### Issue

We restate the issue as whether there is a genuine issue of material fact as to whether Alan's actions were a proximate cause of Hellums's injuries.

### Facts and Procedural History

On November 15, 2003, a partly sunny day with no precipitation, Alan was hunting deer with William Nugent and his cousin, Ernest Raber. Hellums was with a separate party hunting deer on the same property. Alan had seen another truck parked on the property with a "kid" standing next to it and had assumed that there were other people hunting there. Appellant's App. at 119. As they were walking through a field, Alan's party spotted a deer, and each member of his party shot at the deer. Alan claims that he fired four rapid shots at the deer. Alan's party moved forward to determine whether they had hit the deer. About five to ten seconds later, a second deer came into view, running in approximately the same direction as the first. Ernest fired multiple shots at this deer, and one of his bullets struck Hellums. According to Nugent, Alan might have also shot at this deer. However, all parties acknowledge that the bullet that struck Hellums did not come from Alan's gun.

Hellums's party had spotted Alan's party before they began shooting at the first deer. Hellums estimates that they were about 175 to 200 yards to the east of Alan's party. Hellums and his father were both wearing orange hats. Hellums waved his hat at Alan's party, hoping to get their attention. When the second deer came into view, Hellums and his father began shouting as well, but unfortunately did not get the attention of Alan's party in time.

On September 22, 2004, Hellums filed suit against Alan, Ernest, and Nugent, alleging that they had been negligent in failing to ascertain the presence of other hunters before shooting. *Id.* On November 17, 2005, Alan moved for summary judgment on the basis that Hellums was not hit by a bullet from his gun, and that he therefore had not proximately caused Hellums's injuries. The trial court granted Alan's motion on December 12, 2005.

### Discussion and Decision

Hellums asserts that the trial court erred in granting Alan's motion for summary judgment. Our standard of review is well settled:

> While the party losing in the trial court must persuade us that the trial court's decision was erroneous, we face the same issues as did the trial court and analyze them in the same way. Summary judgment is appropriate only if the pleadings and evidence show both the absence of a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The evidence before the court must be liberally construed in the light most favorable to the non-moving party. Where material facts conflict, or undisputed facts lead to conflicting material inferences, summary judgment is inappropriate. We carefully scrutinize a trial court's grant of summary judgment to assure that the losing party is not improperly prevented from having its day in court.

*Butler v. City of Indianapolis,* 668 N.E.2d 1227, 1228 (Ind.1996) (citations omitted).

The elements of negligence are duty, breach of duty, and damages proxi-

mately caused by the breach. *Webb v. Jarvis*, 575 N.E.2d 992, 995 (Ind.1991). The main point of contention between the parties is whether Alan's actions were a proximate cause of Hellums's injuries.

> An essential element in a cause of action for negligence is the requirement of a reasonable connection between a defendant's conduct and the damages which a plaintiff has suffered. This element requires, at a minimum, causation in fact—that is, that the harm would not have occurred "but for" the defendants' conduct. The "but for" analysis presupposes that, absent the tortious conduct, a plaintiff would have been spared suffering the claimed harm.

*Daub v. Daub*, 629 N.E.2d 873, 877 (Ind. Ct.App.1994) (citations omitted), *trans. denied.* "The proximate cause of an injury is not merely the direct or close cause, rather it is the negligent act which resulted in an injury which was the act's natural and probable consequence in light of the circumstances and should reasonably have been foreseen and anticipated." *City of Indianapolis Housing Auth. v. Pippin*, 726 N.E.2d 341, 346 (Ind.App.2000). An injury may have more than one proximate cause. *Id.* Proximate cause is generally a question of fact, and therefore summary judgment is rarely appropriate in negligence cases. *Correll v. Ind. Dep't of Transp.*, 783 N.E.2d 706, 707 (Ind.Ct.App. 2002), *trans. denied.*

The parties agree that Hellums was not injured by a bullet from Alan's gun. Hellums alleges, however, that Alan shot his gun negligently and that this encouraged Ernest to shoot negligently as well. He argues that multiple hunters may be held liable for a plaintiff's injuries even when it is possible to determine which one shot the plaintiff. As there is no Indiana case law directly on point, Hellums urges us to adopt the position of the Restatement (Second) of Torts. Section 876 of the Restatement states:

> For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he (a) does a tortious act in concert with the other or pursuant to a common design with him, or (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

Hellums argues that this case falls under clause (b). The Restatement's comments to clause (b) contain the following example: "A and B are members of a hunting party. Each of them in the presence of the other shoots across a public road at an animal, which is negligent toward persons on the road. A hits the animal. B's bullet strikes C, a traveler on the road. A is subject to liability to C." This example is based on cases from several other jurisdictions. *See Orser v. Vierra*, 252 Cal.App.2d 660, 60 Cal.Rptr. 708 (1967); *Reyher v. Mayne*, 90 Colo. 586, 10 P.2d 1109 (1932); *Benson v. Ross*, 143 Mich. 452, 106 N.W. 1120 (1906); *Oliver v. Miles*, 144 Miss. 852, 110 So. 666 (1927); *Kuhn v. Bader*, 89 Ohio App. 203, 101 N.E.2d 322 (1951).[1]

Our court has cited section 876 of the Restatement (First) of Torts in the context

---

1. We note that the results of these cases are often justified on the basis that the defendants were acting in concert. However, it is not necessary for Hellums to prove that Alan and Ernest were acting in concert in order for joint liability to attach. Joint liability may be premised upon independent acts that combine to produce an injury. *Nance v. Miami Sand & Gravel*, 825 N.E.2d 826, 835 (Ind.Ct.App. 2005), *trans. denied.*

of intentional torts. *Boyle v. Anderson Fire Fighters Ass'n,* 497 N.E.2d 1073, 1079 (Ind.Ct.App.1986). Section 876 of the Restatement (Second) of Torts contains substantially the same language.[2] We agree with Hellums's assertion that it is possible that Alan's shooting in Hellums's direction may have encouraged Ernest to shoot or believe it was safe to shoot in that direction, and therefore, there is a genuine issue of material fact as to whether Alan's actions were a proximate cause of his injuries. Hellums should have the opportunity to further develop the case factually.

■ Because it is conceivable that this sort of encouragement can be a proximate cause, we believe it is reasonable to apply the rule of section 876 to negligence cases. However, we note that it is not sufficient to show that Alan and Ernest were shooting in approximately the same direction at approximately the same time. First, Hellums must show that Alan's own actions were negligent. In the example from the Restatement, A and B are both liable because both were acting negligently. "It is ... essential that each particular defendant who is to be charged with responsibility shall be proceeding tortiously, which is to say with intent to commit a tort, or with negligence. One who innocently, and carefully, does an act which furthers the tortious purpose of another is not acting in concert with him." *Orser,* 252 Cal.App.2d at 667, 60 Cal.Rptr. 708 (citing PROSSER ON TORTS, 259–60 (3d ed.)).

Furthermore, we agree with Alan's assertion that Hellums still bears the burden of proving that Alan's actions were a proximate cause of his injuries. In other words, Hellums must be able to show that

Alan was negligent and that Ernest's actions were a foreseeable consequence of his negligence. The example in the Restatement should not be read to mean that people who are hunting together are necessarily encouraging each other or are strictly liable for each other's conduct. Comment d to Section 876 points out that a defendant's assistance or participation may be too slight to support liability. We disagree, however, with Alan's contention that it is impossible for his actions to be a cause-in-fact and a proximate cause of Hellums's injuries. A genuine issue of material fact exists as to whether the conduct of Alan was negligent and whether rapidly firing four rounds from his shotgun in the direction of Hellums's party prompted or substantially encouraged Ernest to discharge his weapon in the same direction. These are genuine factual issues that will have to be determined at trial.

In conclusion, we adopt the Restatement's approach to this scenario. However we emphasize that it must be shown that (1) the defendant was acting negligently, (2) that it was reasonably foreseeable that the defendant's actions would encourage someone else to act negligently, and (3) that the encouragement was a proximate cause of the plaintiff's injuries. Because these determinations involve issues of fact, we reverse the trial court's grant of summary judgment and remand for further proceedings.

Reversed and remanded.

KIRSCH, C.J., concurs.

BAILEY, J., dissents with separate opinion.

2. The Restatement (Third) of Torts has a substantially different organization than the First or Second Restatement, and therefore does not contain a direct equivalent of section 876. However, the Restatement (Third) does contain section 15, concerning persons acting in concert. In commenting on the scope of this new section, the reporter's note reiterates the language of section 876 from the Restatement (Second).

BAILEY, Judge, dissenting.

I respectfully dissent from the majority's determination that the trial court erred by granting summary judgment to Alan Raber on Charles Hellums's complaint for negligence. In particular, I do not believe that Indiana should adopt the Restatement (Second) of Torts Section 876 insofar as such restatement, at least in this case, would negate the need for the plaintiff to establish one of the bedrock elements of negligence, i.e., proximate causation.

As the majority aptly notes, to effectively assert a claim for negligence, Hellums must establish that: (1) Alan had a duty to exercise reasonable care under the circumstances; (2) Alan breached that duty; and (3) Hellums incurred damages as a proximate result of Alan's breach of duty. *See Building Materials Mfg. Corp. v. T & B Structural Sys., Inc.,* 804 N.E.2d 277, 282 (Ind.Ct.App.2004). Here, the dispute between the parties concerns whether Alan's actions were a proximate cause of Hellums's injuries.

A negligent act is said to be a proximate cause of an injury "if the injury is a natural and probable consequence, which in the light of the circumstances, should have been foreseen or anticipated." *Paragon Family Restaurant v. Bartolini,* 799 N.E.2d 1048, 1054 (Ind.2003). At a minimum, proximate cause requires that the injury would not have occurred but for the defendant's conduct. *Id.*

Here, the evidence, as stated by the majority, reveals that Alan, William Nugent, and Ernest Raber were hunting together on the same property that Hellums and his father were using to hunt deer. At some point, Ernest fired multiple shots at a deer but one of his bullets struck Hellums. The evidence further indicates that Alan may have also shot at the deer in question. It is undisputed, however, that the bullet that struck Hellums did not come from Alan's gun.

Because Alan's bullet did not strike or otherwise cause injury to Hellums, there is no showing of proximate causation. More specifically, Hellums has failed to demonstrate that his injury would not have occurred but for Alan's conduct of shooting the gun. In light of this failure to show proximate cause, I do not believe that Hellums is entitled to further develop his case factually merely because Alan's shooting may have encouraged Ernest to shoot. Accordingly, I would affirm the trial court's grant of summary judgment.

For these reasons, I respectfully dissent from the majority opinion.