**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MITCHELL A. PETERS**
MillerFisher Law LLC
Merrillville, Indiana

ATTORNEYS FOR APPELLEE:

**MICHAEL H. MICHMERHUIZEN**
**CHARLES C. DUBES**
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| TRACY RAMBO, ) | |
| ) | |
| Appellant-Plaintiff, ) | |
| ) | |
| vs. ) | No.  17A03-1308-CT-322 |
| ) | |
| JEFFREY JUSTICE, M.D., ) | |
| ) | |
| Appellee-Respondent. ) | |

APPEAL FROM THE DEKALB SUPERIOR COURT
The Honorable Monte L. Brown, Judge
Cause No. 17D02-0710-CT-15

**January 15, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Tracy Rambo ("Rambo") appeals a grant of summary judgment in favor of Jeffrey Justice, M.D. ("Dr. Justice") upon Rambo's medical malpractice claim. We reverse and remand for further proceedings.

**Issue**

Rambo presents a single, consolidated issue: whether the trial court erroneously granted summary judgment to Dr. Justice upon concluding that Rambo lacked admissible evidence for trial, although she had secured a unanimous Medical Review Panel opinion in her favor.[1]

**Facts and Procedural History**

On October 13, 2005, Rambo was involved in a vehicular crash and was transported to a nearby hospital. Dr. Justice examined Rambo but thoracic spine X-rays were not obtained. Rambo was sent to physical therapy, allegedly resulting in greatly increased pain. Two weeks after the accident, Rambo was found to have spinal fractures.

On September 28, 2007, Rambo filed a complaint alleging that she had been negligently treated by Dr. Justice and three other physicians. A medical review panel was assembled in accordance with the Indiana Medical Malpractice Act, Indiana Code section 34-18-1-1 et. seq ("the Act.). On August 15, 2011, the panel rendered an expert opinion:

---

[1] Rambo also articulates an issue concerning the exclusion of witnesses and exhibits as a sanction for her failure to timely file her witness and exhibit list. However, our reversal of the summary judgment order results in the matter proceeding to trial, and a trial court has the inherent power to reconsider any of its previous rulings until judgment is entered. Wisconics Engineering, Inc. v. Fisher, 466 N.E.2d 745, 752 (Ind. Ct. App. 1984), trans. denied. Indeed, the exclusionary order here was a result of Dr. Justice's motion to have the trial court reconsider its decision to allow Rambo's late submission of the list. As such, the challenged order is interlocutory and does not present an issue for appellate review at this time.

> The evidence supports the conclusion that said Defendant [Dr. Justice] failed to comply with the appropriate standard of care as charged in the Complaint.
>
> The failure to comply with the appropriate standard of care resulted in two (2) additional weeks of pain for the Plaintiff, but not the chronic pain following surgery of which Plaintiff complains.

(App. 190.)

On October 28, 2011, Rambo filed an amended complaint, naming Dr. Justice as the sole defendant.

On January 23, 2012, a pretrial conference was conducted, with Rambo's counsel appearing telephonically. The case management order related to the pre-trial conference set August 3, 2012 as the date by which Rambo was to advise Dr. Justice of the identify of any expert witness and set November 16, 2012 as the court filing deadline of a final list of trial witnesses and exhibits. However, this order was not entered until August 9, 2012. In a letter dated August 14, 2012, the trial court advised the attorneys for both parties:

> Enclosed please find a copy of the Case Management Order I entered August 9, 2012. As you know, the Case Management Conference we held that resulted in the enclosed Order was actually held on January 23, 2012. For reasons I am unable to explain, after that Conference, this file was removed from my desk and placed in the file cabinet where it remained until one of you brought the matter to the attention of my staff. I apologize for any inconvenience this may have caused for you.

(App. 27.) The trial court's problematic oversight was allegedly compounded by error on the part of Rambo's counsel, specifically, failure to properly docket the filing deadline. On November 20, 2012, four days after the deadline, Rambo filed her Verified Motion for Leave to File List of Witnesses and Exhibits, and an accompanying list of witnesses and exhibits.

3

The trial court initially granted leave for the filing, four calendar days and two business days late.

Dr. Justice filed a motion requesting the trial court's reconsideration of its decision to allow Rambo's submission. He also filed a separate motion to exclude any witness or exhibit belatedly listed. On January 22, 2013, the trial court granted the motion to reconsider and ordered the exclusion of Rambo's witnesses and exhibits.

On February 1, 2013, Dr. Justice filed a motion for summary judgment, claiming that Rambo "cannot prevail at trial." (App. 61.) Rambo designated materials in opposition to the summary judgment motion, but the trial court struck Rambo's designation in its entirety. On July 19, 2013, the trial court entered an order granting Dr. Justice summary judgment. Rambo appeals.

**Discussion and Decision**

I. Standard of Review

A party seeking summary judgment bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Smith v. City of Hammond, 848 N.E.2d 333, 337 (Ind. Ct. App. 2006), trans. denied. Once the movant satisfies this burden through evidence designated to the trial court pursuant to Indiana Trial Rule 56, the non-movant may not rest upon his or her pleadings, but must designate specific facts demonstrating the existence of a genuine issue for trial. Id.

A genuine issue of material fact exists where facts concerning an issue that would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue. Huntington v. Riggs, 862 N.E.2d 1263, 1266 (Ind. Ct. App. 2007), trans. denied.

On review, we apply the same standard as the trial court: we must decide whether there is a genuine issue of material fact that precludes summary judgment and whether the moving party is entitled to judgment as a matter of law. Carie v. PSI Energy, Inc., 715 N.E.2d 853, 855 (Ind. 1999). In so doing, we consider only those portions of the pleadings, depositions, and other matters specifically designated to the trial court by the parties for purposes of the motion. Ind. Trial Rule 56(C), (H). A grant of summary judgment may be sustained on any theory or basis supported by the designated materials. Smith v. Yang, 829 N.E.2d 624, 625 (Ind. Ct. App. 2005).

Medical malpractice cases are like other negligence actions regarding what must be proven. Ziobron v. Squires, 907 N.E.2d 118, 123 (Ind. Ct. App. 2008). To prevail at trial, the plaintiff must show: (1) a duty owed to the plaintiff by the defendant; (2) a breach of duty by allowing conduct to fall below the applicable standard of care; and (3) a compensable injury to the plaintiff proximately caused by the defendant's breach. Id

Health care providers are not held to a duty of perfect care, but must exercise the degree of skill and care ordinarily possessed and exercised by a reasonably skillful and careful practitioner under the same or similar circumstances. Syfu v. Quinn, 826 N.E.2d 699, 703 (Ind. Ct. App. 2005). An act is a proximate cause of injury if it is the natural and

probable consequence of the act and should have been reasonably foreseen and anticipated under the circumstances. Hellums v. Raber, 853 N.E.2d 143, 146 (Ind. Ct. App. 2006). At a minimum, proximate cause requires that the harm would not have occurred but for the defendant's conduct. Id. The negligent act need not be the sole cause of the plaintiff's injuries. Id.

In negligence cases, summary judgment is "rarely appropriate." Rhodes v. Wright, 805 N.E.2d 382, 387 (Ind. 2004). However, a defendant is entitled to judgment as a matter of law when the undisputed material facts negate at least one element of the plaintiff's claim. Id. at 385.

## II. Analysis

Dr. Justice contended, and the trial court agreed, that he was entitled to summary judgment because:

> The Plaintiff's claim is one for medical malpractice and due to the procedural posture of this case, Plaintiff will be unable to present any expert medical testimony regarding the standard of care applicable to Dr. Justice's treatment, that Dr. Justice's actions fell below the applicable standard of care, or that the actions of Dr. Justice proximately caused her injuries. Since the Plaintiff cannot do so, she cannot prevail at trial and summary judgment is appropriate.

(App. 61.) His contention turns our summary judgment standard on its head and ignores the expert opinion rendered by the Medical Review Panel as required by law.[2] Dr. Justice insists

---

[2] Indiana Code section 34-18-10-22 provides that the panel "has the sole duty to express the panel's expert opinion as to whether or not the evidence supports the conclusion that the defendant or defendants acted or failed to act within the appropriate standards of care as charged in the complaint." The panel shall give one or more of the expert opinions: "the evidence supports the conclusion that the defendant or defendants failed to comply with the appropriate standard of care as charged in the complaint; the evidence does not support the conclusion that the defendant or defendants failed to meet the applicable standard of care as charged in the complaint; there is a material issue of fact, not requiring expert opinion, bearing on liability for consideration

6

that Rambo has not identified a genuine issue for trial, but he did not himself demonstrate the absence of such an issue.

"In ruling upon a motion for summary judgment, facts alleged in a complaint must be taken as true except to the extent that they are negated by depositions, answers to interrogatories, affidavits, and admissions on trial or by testimony presented at the hearing on a motion for summary judgment." Cowe by Cowe v. Forum Grp., Inc., 575 N.E.2d 630, 633 (Ind. 1991). Rambo alleged in her complaint that she was injured by Dr. Justice's negligence. She had obtained an expert opinion from the Medical Review Panel favorable to her position. .

As previously observed, the party seeking summary judgment must make a prima facie showing that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law before the non-movant is required to come forward with a designation of specific facts demonstrating a genuine issue for trial. Smith, 848 N.E.2d at 337. In order to properly obtain summary judgment in his favor, it was incumbent upon Dr. Justice to, prima facie, negate one or more of the elements of Rambo's negligence claim.

This is so because Indiana's summary judgment procedure "abruptly diverges" from federal practice. Jarboe v. Landmark Cmty. Newspapers of Indiana, Inc., 644 N.E.2d 118 (Ind. 1994). In federal practice a defendant seeking summary judgment is not required to negate a plaintiff's claim, but need only indicate the basis for its motion and designate evidence to show that the plaintiff failed to establish an essential element of its claim. Miller

by the court or jury; the conduct complained of was or was not a factor of the resultant damages." Id.

7

v. Bernard, 957 N.E.2d 685, 697 (Ind. Ct. App. 2011). In Indiana, however, merely alleging that the plaintiff has failed to produce evidence on each element of its claim is insufficient to sustain summary judgment. Id. (citing Jarboe, 644 N.E.2d at 123). Instead, the party seeking summary judgment must demonstrate the absence of any genuine issue of fact as to a determinative issue, and only then is the non-movant required to come forward with contrary evidence. Id.

In support of his motion for summary judgment, Dr. Justice designated the following: "Plaintiff's Amended Complaint, Order of January 22, 2013 granting Defendant's Motion to Exclude, and Order of January 22, 2013 granting Defendant's Motion to Reconsider." (App. 61.) The designated materials do not show, prima facie, that Dr. Justice owed Rambo no duty, or that Dr. Justice's conduct did not fall below the standard of care, or that there was no compensable injury to Rambo caused by a breach of the standard of care. In other words, Dr. Justice's designated materials do not, prima facie, negate an element of Rambo's claim.

Dr. Justice's assertion that Rambo seemed unable, following a sanction excluding belatedly listed witnesses and exhibits, to prove her claim did not entitle Dr. Justice to summary judgment. "Summary judgment should not be used as an abbreviated trial." Dickerson v. Strand, 904 N.E.2d 711, 715 (Ind. Ct. App. 2009). Dr. Justice's sparse designation did nothing to show lack of duty, causation, or injury. In these circumstances, Rambo was not required to come forward with designated evidence in order to withstand summary judgment.

8

We acknowledge the imposition of a severe sanction. This is not, however, equivalent to the dismissal of Rambo's negligence claim. We decline to speculate on whether Rambo will ultimately have admissible evidence in addition to the Medical Review Panel opinion mandated under the Act. Apart from the possibility of newly discovered evidence, there remains the prerogative of the trial court to reverse an order of sanction, just as it has previously done. See Gibson v. Evansville Vanderburgh Bldg. Comm'n, 725 N.E.2d 949, 952 (Ind. Ct. App. 2000) (observing "the trial court has inherent power to reconsider any of its previous rulings so long as the action remains in fieri, or until judgment is entered"), trans. denied.

Dr. Justice did not demonstrate the absence of a genuine issue of material fact and his entitlement to judgment as a matter of law. Accordingly, summary judgment was improperly granted.

Reversed and remanded for further proceedings.

FRIEDLANDER, J., and KIRSCH, J., concur.