


**FILED**

Oct 28 2025, 9:11 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Court of Appeals of Indiana

### Sarah L. Shake,

*Appellant-Plaintiff*

v.

### State of Indiana and Kenneth Rogers,

*Appellees-Defendants*

---

October 28, 2025

Court of Appeals Case No.
25A-CT-1006

Appeal from the Marion Superior Court

The Honorable John M. T. Chavis, II, Judge

Trial Court Cause No.
49D05-2305-CT-19915

---

**Opinion by Judge Brown**
Judges Felix and Scheele concur.

**Brown, Judge.**

[1] Sarah L. Shake appeals the trial court's entry of summary judgment in favor of the State on her negligence claim. We affirm.

**Facts and Procedural History**

[2] The designated evidence indicates that on May 19, 2021, Indiana State Police Trooper Daniel Organ was on routine patrol in Terre Haute, traveling north on Lafayette Avenue in his fully marked police cruiser. He observed a white U-Haul pickup truck (the "Truck") traveling south towards him "in excess of the posted speed limit of 30 miles per hour." Appellant's Appendix Volume II at 67. After confirming with radar that the Truck was traveling in excess of the speed limit, Trooper Organ turned his police cruiser around, activated his emergency lights and sirens, and attempted to conduct a traffic stop. However, the Truck "accelerated and turned down an alley between 16th Street and 17th Street." *Id.* After turning down the alley, the Truck "drove over brick and wood structures which were blocking the alley and through multiple residential backyards." *Id*. at 68. At that point, Trooper Organ "determined that [he] could no longer safely pursue the [Truck] and terminated the pursuit of the vehicle pursuant to relevant Indiana State Police pursuit policies." *Id*. While still in the alley, Trooper Organ "lost sight of the vehicle." *Id*. Trooper Organ did not follow the Truck over the wood structures but advised dispatch, "He's going to be coming back out on Lafayette. It's a white U-Haul pickup truck. He's going to be going south on Lafayette." Appellant's Brief at 6 (citing Dashboard Camera Video 1:09/3:00). Dispatch repeated the direction of the

Truck and stated, "You're in pursuit of the vehicle," and Trooper Organ responded, "Affirmative, I lost him. He went through an alley and through some bushes. It's a white male; he's got a hat on . . . ." *Id*. (citing Dashboard Camera Video at 1:16/3:00).

[3] After losing sight of the Truck, Trooper Organ kept his emergency lights activated but turned his sirens off as he backed out of the alley and proceeded to go south down Lafayette Avenue. Approximately one minute after leaving the alley, Trooper Organ turned his vehicle around in the opposite direction and re-activated his sirens in response to witnesses pointing him in the direction of Florida Avenue where the Truck had traveled. Trooper Organ traveled to Florida Avenue and then turned west. Shortly thereafter, Trooper Organ came upon the scene of an accident involving the Truck and a vehicle driven by Shake at the intersection of 13th Street and Elizabeth Street. The driver of the Truck was identified as Kenneth Rogers. Prior to the accident, Shake did not recall seeing any police vehicles or hearing any sirens. The State subsequently charged Rogers with nine criminal counts including: resisting law enforcement as a level 5 felony, operating a vehicle with a schedule I or II substance in blood as a level 5 felony, two counts of resisting law enforcement as level 6 felonies, possession of methamphetamine as a level 6 felony, unlawful possession of a syringe as a level 6 felony, reckless driving as a class C misdemeanor, driving while suspended as a class A infraction, and possession of marijuana as a class B misdemeanor.

[4]     On May 18, 2023, Shake filed a complaint for damages against the State and Rogers. Shake alleged that Rogers "disregarded the stop sign for his direction of travel . . . and violently collided with the vehicle operated by [her]." Appellant's Appendix Volume II at 23. She alleged that "prior to the aforementioned collision, [Trooper Organ] was patrolling in Vigo County" and after attempting to "conduct a traffic stop" of Rogers's vehicle that Rogers disregarded, a "pursuit then ensued." *Id*. She alleged that Trooper Organ, who was employed by and acting within the course and scope of employment with the Indiana State Police,[1] chased Rogers "through residential neighborhoods, even though [he] knew or should have known . . . that the continued chase of Rogers . . . posed an extreme and unnecessary risk of injury to innocent motorists such as [herself]." *Id*. at 24. Shake alleged that she "sustained serious bodily injuries and damages" as "a direct and proximate result of the negligence of the Defendants." *Id*. at 25.

[5]     On December 5, 2024, the State filed a motion for summary judgment and designation of evidence. On February 3, 2025, Shake filed her response in opposition to summary judgment and designation of evidence. On February 25, 2025, the State filed its reply.

---

[1] The complaint alleged that "Indiana State Police ('ISP') is a political subdivision of the State of Indiana and was headquartered in Marion County, Indiana, at all times pertinent to this cause." Appellant's Appendix Volume II at 22.

[6]     The court held a summary judgment hearing on February 26, 2025. On March 28, 2025, the court issued a detailed order granting the State's motion. Among other things, the court found that:

> Trooper Organ's actions during the time he was in pursuit of Defendant Rogers cannot be said to have been the proximate cause of Shake's injuries and therefore negligent. Trooper Organ observed a speeding vehicle on Lafayette Avenue that posed a danger to the motoring public and he proceeded to apprehend it. As soon as Trooper Organ determined that the pursuit was no longer safe due to Defendant Rogers['s] reckless driving, he terminated the pursuit. The collision involving Shake also did not occur at the location where Tropper Organ terminated the pursuit. Defendant Rogers continued to drive recklessly despite not being pursued by Trooper Organ. Roger[s]'s actions are the sole proximate cause of the collision.

*Id.* at 19-20 (record citations omitted). The court noted that, "Shake testified that she did not recall seeing any police vehicles nor did she hear any sirens prior to the collision" and the "fact that Trooper Organ was far away from the collision when it occurred . . . also demonstrates that Trooper Organ's actions are not the proximate cause of the collision." *Id.* at 20. The court further explained:

> In order for Trooper Organ's actions to be a proximate cause, Trooper Organ would have had to been able to foresee the danger the initiation of the pursuit posed to Shake in particular and there is no evidence that Shake was anywhere near the pursuit prior to the time that Trooper Organ terminated it. Because the collision was not foreseeable to Trooper Organ while he was initiating and conducting the pursuit, Trooper Organ's

> actions are not the proximate cause of the collision and the State Defendant is entitled to summary judgment.

*Id.* Finding no reason for delay, the court entered final judgment pursuant to Ind. Trial Rules 54(B) and 56(C).

## Discussion

Shake contends that the trial court erred in entering summary judgment in favor of the State. Our standard of review is well settled. Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.*, 756 N.E.2d 970, 973 (Ind. 2001). Our review is de novo, drawing all reasonable inferences from the evidence in favor of the nonmovant. *Ind. Dep't of Ins. v. Doe*, 247 N.E.3d 1204, 1210 (Ind. 2024) (citing *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth . . . ." *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009). In reviewing a trial court's ruling on a motion for summary judgment, we may affirm on any grounds supported by the Indiana Trial Rule 56 designated materials. *Catt v. Bd. of Commr's of Knox Cnty.*, 779 N.E.2d 1, 3 (Ind. 2002).

The party appealing the trial court's summary judgment determination bears the burden of persuading the appellate court the ruling was erroneous. *Ryan v. TCI Architects/Eng'rs/Contractors, Inc.*, 72 N.E.3d 908, 913 (Ind. 2017). In the

summary judgment context, we are not bound by the trial court's specific findings of fact and conclusions of law. *Rice v. Strunk*, 670 N.E.2d 1280, 1283 (Ind. 1996). They merely aid our review by providing us with a statement of reasons for the trial court's actions. *Id*.

[9] Shake contends that Trooper Organ, while acting within the course and scope of employment with the State, was negligent. "The elements of negligence are duty, breach of duty, and damages proximately caused by the breach." *Hellums v. Raber*, 853 N.E.2d 143, 145-146 (Ind. Ct. App. 2006). Here, the parties' dispute focuses on the element of proximate cause.[2] "A negligent act or omission is the proximate cause of an injury if the injury is a natural and probable consequence which, in light of the circumstances, should reasonably have been foreseen or anticipated." *Gates v. Riley ex rel. Riley*, 723 N.E.2d 946, 950 (Ind. Ct. App. 2000), *trans. denied*. In other words, "[p]roximate cause requires that there be a reasonable connection between the defendant's allegedly negligent conduct and the plaintiff's damages." *Id*. Although the question of proximate cause is one usually left to the jury, *Rhodes v. Wright*, 805 N.E.2d 382, 388 (Ind. 2004), the determination of proximate cause may be made as a matter of law. *Hassan v. Begley*, 836 N.E.2d 303, 307 (Ind. Ct. App. 2005), *reh'g denied*.

---

[2] In entering summary judgment, the trial court found as a matter of law that Trooper Organ's actions were not a proximate cause of Shake's injuries. Although the State urges on appeal that the designated evidence negated both the duty element and the proximate cause element of Shake's negligence claim, we agree with the trial court's analysis regarding proximate cause and choose to solely address that element.

As did the trial court, we find *Bailey v. L. W. Edison Charitable Found. of Grand Rapids, Inc.*, 152 Ind. App. 460, 284 N.E.2d 141 (1972), instructive. In *Bailey*, City of Gary police officers attempted to pursue a vehicle after observing it run a red light at 75-80 miles per hour. *Bailey*, 152 Ind. App. at 462, 284 N.E.2d at 142. The officers were unable to keep up with the speeding vehicle and ultimately lost sight of it. *Id*. at 463, 284 N.E.2d at 143. Eventually, the officers came upon the vehicle after it had crashed, killing the passengers. *Id*. The decedents' parents filed complaints against the City and the officers alleging, among other things, that the officers "negligently and unreasonably engaged in a highspeed pursuit of the car in which their deceased sons were passengers" and that such negligence "was the direct and proximate cause of the death of their sons." *Id*. at 462, 284 N.E.2d at 142. The City and the officers moved for summary judgment, which the trial court granted. *Id*.

On appeal, in considering the liability of the officers for the accident caused by the fleeing vehicle, this Court agreed with "the great weight of authority from other jurisdictions" and concluded that "police, if engaging in a reasonable pursuit, cannot be said to be the proximate cause of accidents caused by escaping law violators." *Id*. at 467, 284 N.E.2d at 145 (providing compilation of cases). Indeed, we observed that police officers "cannot be made insurers of the conduct of the culprits they chase," and that our conclusion was in line with the principle that "[t]he act of the party sought to be charged is not to be regarded as a proximate cause unless it is in clear sequence with the result and unless it could have reasonably been anticipated that the consequences

complained of would result from the alleged wrongful act." *Id*. at 468-469, 284 N.E.2d at 146 (citation omitted). The *Bailey* Court also observed:

> With regard to whether the officers negligently and proximately caused the death of the occupants of the car, the affidavits filed by the parties, as hereinabove set forth, show the existence of disputed fact, to-wit: Whether at the time of the accident, the officers were pursuing the fleeing vehicle.
>
> This fact, although in dispute, has no bearing on the negligence of the officers. Even assuming the officers were in full pursuit at the time of the accident, there is presented no genuine issue of fact as to the officers' negligence in maintaining such pursuit. The issue is not whether the police were in pursuit of an escaping car. The issue is whether the police officers, in pursuing the car, were negligent and the proximate cause of the death of plaintiffs' sons.

*Id*. at 465, 284 N.E.2d at 144. Applying this framework, we affirmed the entry of summary judgment, determining "as a matter of law that the pursuit was reasonable" and that the police officers' "pursuit cannot be said to be the proximate cause of the death of the passengers of a vehicle which ran a red light at 75 miles per hour and refused to stop when the police gave chase." *Id*. at 469, 284 N.E.2d at 146.

[12] Here, the undisputed designated evidence shows that Trooper Organ acted reasonably when pursuing Rogers. Trooper Organ observed a speeding vehicle, and when he tried to initiate a traffic stop, Rogers chose to flee and evade. Trooper Organ was in active pursuit of the Truck for approximately twenty seconds before terminating the pursuit when he did not continue following

Rogers as he recklessly drove over wooden structures and through residential backyards. Trooper Organ provided dispatch with Rogers's last known location and indicated that he had "lost him." Appellant's Brief at 6 (citing Dashboard Camera Video at 1:16/3:00). After backing out of the alley, Trooper Organ then traveled in the opposite direction before being directed by witnesses to turn around in the direction where the Truck had traveled. Trooper Organ stated that he did not see the Truck again until he eventually came upon the aftermath of the collision with Shake. Indeed, Trooper Organ did not arrive at the intersection where the collision occurred until approximately one minute after he lost Rogers and terminated pursuit in the alley. Shake confirmed that she neither saw any police vehicles nor heard sirens prior to the collision.[3]

[13]     Under the circumstances, as in *Bailey*, we conclude as a matter of law that Trooper Organ's reasonable pursuit of the Truck cannot be said to be the proximate cause of Shake's injuries. Rogers evaded Trooper Organ's attempt at a traffic stop, and he continued to drive recklessly even after he was clearly no longer being actively followed by Trooper Organ. Accordingly, it was the reckless manner in which Rogers chose to continue driving his vehicle that was the sole proximate cause of the accident, not Trooper Organ's pursuit. *See Smith v. Ciesielski*, 975 F. Supp. 2d 930, 944 (S.D. Ind. 2013) (citing *Bailey* and observing that "Indiana law establishes that [police] officers can be held liable only for their unreasonable conduct, and not the negligence or recklessness of

---

[3] As already noted, Trooper Organ had reactivated his sirens prior to arriving at the accident scene.

the suspects they were pursuing"). We conclude that the trial court properly entered summary judgment in favor of the State.

[14] For the foregoing reasons, we affirm the judgment of the trial court.

[15] Affirmed.

Felix, J., and Scheele, J., concur.

ATTORNEY FOR APPELLANT

Jeremy S. Baber
Vaughn A. Wamsley, P.C.
Carmel, Indiana

ATTORNEYS FOR APPELLEES

Theodore E. Rokita
Attorney General of Indiana

Abigail R. Recker
Deputy Attorney General
Indianapolis, Indiana