

IN THE

# Court of Appeals of Indiana

Kenneth and Laura Nirenberg,

*Appellants-Plaintiffs*

v.

Staci Reuer,

*Appellee-Defendant*



FILED

May 27 2026, 8:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

May 27, 2026

Court of Appeals Case No.
25A-CT-3139

Appeal from the LaPorte Superior Court

The Honorable Richard R. Stalbrink, Jr., Judge

Trial Court Cause No.
46D02-2011-CT-1933

---

**Opinion by Judge Bradford**
Judges Pyle and Kenworthy concur.

**Bradford, Judge.**

## Case Summary

[1] With Staci Reuer's permission, Justin Trumble maintained a deer stand on her property and, in November of 2018, shot a deer three times from the stand. The deer ran onto the property of Reuer's neighbors, Kenneth and Laura Nirenberg ("the Nirenbergs"). The next day, Trumble encountered Laura while on her property to retrieve the deer. In 2022, the Nirenbergs filed an amended complaint against Reuer and Trumble based on the events which had taken place in November of 2018. Against Reuer, the Nirenbergs alleged negligence per se, negligence, liability for the tortious conduct of another, private nuisance, and intentional infliction of emotional distress ("IIED"). The trial court granted Reuer summary judgment on all of the Nirenbergs' counts. The Nirenbergs contend that the trial court erred in granting summary judgment for Reuer on their allegations of negligence and liability for Trumble's tortious acts. We affirm in part, reverse in part, and remand with instructions.

## Facts and Procedural History

[2] In November of 2018, Reuer allowed Trumble to hunt on her property, which is approximately two acres in size. Reuer had informed Trumble of a fence between her property and the Nirenbergs' property which she believed was on the property line. Trumble maintained a deer stand on Reuer's property and, at some point, shot a deer three times. Trumble located the deer's carcass on the Nirenbergs' property the next day, November 19, 2018.

[3] On November 19, 2018, Trumble entered the Nirenbergs' property to retrieve the deer. Reuer had given Trumble permission to access her property. Reuer informed Trumble that the Nirenbergs "probably would not appreciate him on their property." Appellants' App. Vol. III p. 60. Trumble encountered Laura Nirenberg while on her property to retrieve the deer, and Laura "felt threatened" by the encounter. Appellants' App. Vol. III p. 110. On July 28, 2022, the Nirenbergs filed an amended complaint against Reuer including negligence per se; negligence, including premises liability negligence; and liability for the tortious conduct of another. The Nirenbergs also made a number of claims against Trumble and several claims with no specific defendant designated, including private nuisance and IIED.

[4] On May 29, 2024, Reuer moved for summary judgment and filed a memorandum in support of her motion requesting that the trial court grant judgment in her favor on all claims brought against her, including negligence per se, negligence, liability for the tortious conduct of another, private nuisance, and IIED. Regarding the negligence claim against her, Reuer argued that Indiana Code section 14-22-10-2.5, "the Indiana Recreational Use Statute [(the "IRUS")] serves as a total bar to [the Nirenbergs'] claims against" her and the harm allegedly suffered by the Nirenbergs had not been foreseeable. Regarding the claim against her for liability for the tortious conduct of another, Reuer argued that because her only participation in Trumble's activities was to grant him permission to hunt on her property, she could not be held liable for Trumble's conduct as a matter of law.

On June 24, 2024, the Nirenbergs filed a response brief arguing that the IRUS did not apply for several reasons, including that Reuer's conduct was "illegal" because her property had been zoned for residential use and "hunting is not explicitly allowed" by the LaPorte County Joint Zoning Ordinance ("Ordinance"). Appellants' App. Vol. II p. 109. The Nirenbergs also argued that Reuer's actions were malicious and Reuer's foreseeability, private nuisance, and IIED arguments were inappropriate for summary judgment.

On August 30, 2024, the trial court conducted a hearing on a motion to strike and on Reuer's motion for summary judgment. On January 13, 2025, the trial court entered an order granting Reuer's motion for summary judgment. On the negligence claim, the trial court concluded, in part, that Article 1, Section 39, of the Indiana Constitution and the IRUS precluded Reuer from liability for Trumble's alleged actions, granting Reuer summary judgment on that count. In granting Reuer summary judgment on the claim for liability for Trumble's tortious conduct, the trial court concluded that Reuer's participation in any alleged tortious act of Trumble's was so slight that she was not liable for his actions. The Nirenbergs moved for reconsideration of the order granting Reuer's motion for summary judgment, which motion was denied.

# Discussion and Decision[1]

[7]     The Nirenbergs contend that the trial court erred in granting summary judgment for Reuer on their allegations of negligence and liability for Trumble's tortious acts.[2]

> We review a trial court's summary judgment decision de novo, using the same standard as the trial court. Summary judgment is appropriate if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
>
> The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law .... If the movant satisfies that burden, the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact. A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth .... We must construe all factual inferences in favor of the non-moving party, and all doubts as to the existence of a material issue must be resolved

---

[1] The Nirenbergs filed a request for oral argument on April 15, 2026, which Reuer opposed. Contemporaneous with this memorandum decision, we deny their request.

[2] The Nirenbergs do not challenge the trial court's grant of summary judgment for Reuer on any of the other counts, which we therefore affirm. Furthermore, there seems to be no dispute that Reuer had no control over the Nirenbergs' land and no authority to allow Trumble onto that land. To the extent that the Nirenbergs contend that their negligence claim based on premises liability should remain, we disagree. "In premises liability cases, whether a duty is owed depends primarily upon whether the defendant was in control of the premises when the accident occurred. [...] Only the party who controls the land can remedy the hazardous conditions which exist upon it and only the party who controls the land has the right to prevent others from coming onto it." *Rhodes v. Wright*, 805 N.E.2d 382, 385–86 (Ind. 2004) (quotations and citations omitted). While the Nirenbergs' premises liability claim appears to be improper, we note that the Nirenbergs did not appear to limit their claim to premises liability but also alleged ordinary negligence.

against the moving party.

> The Indiana Supreme Court has explained, Indiana consciously errs on the side of letting marginal cases proceed to trial on the merits, rather than risk short-circuiting meritorious claims. As a result, while the non-moving party has the burden on appeal of showing the Court that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure the non-movant was not improperly denied a trial.

*Force v. New China Hy Buffet LLC*, 217 N.E.3d 1275, 1277–78 (Ind. Ct. App. 2023) (quotations and citations omitted).

> It is often said that summary judgment is rarely appropriate in negligence actions, because of their fact-sensitive nature and because they are governed by a standard of the objective reasonable person, which is a standard best applied by a jury. However, a defendant may obtain summary judgment in a negligence action when the undisputed facts negate at least one element of the plaintiff's claim. When a summary judgment movant designates evidence establishing prima facie that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law, the responding party may not rest upon the mere allegations of his or her pleadings.

*Hale v. SS Liquors, Inc*, 956 N.E.2d 1189, 1191–92 (Ind. Ct. App. 2011) (quotations and citations omitted).

## I.    The IRUS Does Not Bar Reuer from Liability

The Nirenbergs contend that the trial court erred in granting summary judgment to Reuer under the IRUS because her conduct either fell outside the scope of the IRUS or fell under the subsection (d) exceptions.

[10]  At the time relevant to this appeal, the IRUS provided that

> (a) A person who goes upon or through the premises, including caves, of another:
>> (1) with or without permission; and
>> (2) either:
>>> (A) without the payment of monetary consideration; or
>>>
>>> (B) with the payment of monetary consideration directly or indirectly on the person's behalf by an agency of the state or federal government;
>>
>> for the purpose of hunting, fishing, trapping, or preparing to hunt, fish, or trap, does not have an assurance that the premises are safe for that purpose.
>
> (b) The owner of the premises does not:
>> (1) assume responsibility; or
>> (2) incur liability;
>
> for an injury to a person or property caused by an act or failure to act of other persons using the premises.
>
> […]
>
> (d) This section does not excuse the owner or occupant of premises from liability for injury to a person or property caused by a malicious or an illegal act of the owner or occupant.

Ind. Code § 14-22-10-2.5.

[11]  The Nirenbergs contend that by permitting Trumble to hunt on her property, which was residentially zoned under the Ordinance, Reuer was engaging in an illegal act which triggered the subsection (d) exception to the IRUS. The Ordinance provides, for the residentially-zoned districts in this case, that "[u]se and development of land and buildings shall only be for the following specific uses, unless otherwise provided for in this Ordinance. Uses are grouped into

major categories and only those uses listed under each category are permitted." Appellants' App. Vol. III p. 118. The Ordinance also provides that uses not listed in the table are also not permitted. Hunting is not listed in the table provided.

[12] The Nirenbergs cite Section 2.07 of the Ordinance, which provides that the Ordinance

> is an inclusive type of ordinance and not an exclusive type. Therefore, if any certain use or uses, or any departure from developmental standards, are not specifically and expressly permitted by any provision that is anywhere in this Joint Zoning Ordinance, then those certain uses and/or departure from developmental standards are not permitted anywhere within the County of LaPorte.

Appellants' App. Vol. III p. 116.

[13] Because hunting was not explicitly allowed by the Ordinance's provisions relating to single family residential districts, *i.e.*, the zoning district which Reuer's property was located, the Nirenbergs contend that it was prohibited. We agree. The Ordinance is clear on the permitted uses for residentially zoned districts in the county, and hunting is not listed as one of them. The term "illegal" may be defined as "contrary to or violating a law or rule or regulation or something else (as an established custom) having the force of law." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1126 (Phillip Babcock Gove et al. eds., G. & C. Merriam Company 1964). By permitting hunting on her property, Reuer acted contrary to the Ordinance, which has the force of

law, rendering her conduct "illegal" for purposes of the IRUS. Therefore, under subsection (d), the IRUS was not applicable to bar her from liability.[3]

## II. The Trial Court Erred in Concluding that the Nirenbergs' Injuries Were Not Foreseeable as a Matter of Law

[14] The Nirenbergs contend that the trial court erred in granting Reuer's motion for summary judgment as to their negligence claim by improperly weighing the evidence and determining that their injuries were not foreseeable as a matter of law.[4] "Summary judgment should not be granted when it is necessary to weigh the evidence." *Hughley v. State*, 15 N.E.3d 1000, 1005 (Ind. 2014) (quotation and citation omitted). Initially, we note that Reuer concedes that the "[t]rial court *weighed the evidence* and found the Nirenbergs' argument unconvincing" in deciding proximate cause. Appellee's Br. p. 16 (emphasis added). It is well-

---

[3] We further agree with the Nirenbergs that no conflict exists between the Ordinance and Article 1, Section 39, of the Indiana Constitution (delineating that the "people have a right […] to hunt,") as subsection (d) of Section 39 explicitly provides that the section "shall not be construed to limit the application of any provision of law relating to trespass or property rights." Reuer appears to concede that the Ordinance is a law relating to property rights, arguing that "[t]he fact that a zoning ordinance is a law that relates to property rights and trespass does not mean that Reuer is liable for the actions of third parties." Appellee's Br. p. 17. Furthermore, because we have determined that the IRUS is not applicable in this case, we need not address the Nirenbergs' arguments related to standing, although Reuer appears to concede that the Nirenbergs "have no private right of enforcement under the [Ordinance.]" Appellee's Br. p. 17; Appellants' Br. p. 23.

[4] Citing *Goodwin v. Yeakle's Sports Bar & Grill, Inc.*, 62 N.E.3d 384 (Ind. 2016), Reuer asserts that the trial court assessed foreseeability in determining the "bounds" of her duty of reasonable care. Appellee's Br. p. 14. In *Goodwin*, the Indiana Supreme Court determined that a bar owed no duty to its patrons after a shooting inside of the bar because the shooting was not foreseeable as a matter of law. 62 N.E.3d at 394. In granting summary judgment to Reuer on the Nirenbergs' negligence claim, however, the trial court determined that Reuer *did* owe the Nirenbergs a duty of reasonable care. As there appears to be no dispute that Reuer owed the Nirenbergs a duty of reasonable care, and the trial court concluded as much, the trial court's conclusion that Reuer had not foreseen Trumble's actions and thus had not breached any duty appears to have been a conclusion on breach and proximate cause, not duty, as Reuer would suggest.

settled that issues of breach and foreseeability, as a component of proximate cause, are more appropriately left for the determination of a trier of fact. *See, e.g., Ousley v. Bd. of Comm'rs of Fulton Cnty.*, 734 N.E.2d 290, 293 (Ind. Ct. App. 2000) ("'[I]ssues of negligence, […] causation and reasonable care are more appropriately left for the determination by a trier of fact.'") (citation omitted), *trans. denied*; *Patterson v. Seavoy*, 822 N.E.2d 206, 213 (Ind. Ct. App. 2005) ("The determination of whether a breach of duty occurred is a factual question[.]").

[15] In response to Reuer's motion for summary judgment, the Nirenbergs designated, *inter alia*, evidence that Reuer had foreseen the possibility of a deer running onto her other neighbors' property and had known that Trumble did not possess the deer he had shot when she permitted him to return to her property to retrieve the deer. We express no opinion as to whether such evidence is sufficient to prove that Reuer proximately caused the Nirenbergs' alleged injuries or breached her duty of care, but, given that we must construe all factual inferences in favor of the Nirenbergs, we conclude that their designated evidence was sufficient to create a genuine issue of material fact on the questions of breach and foreseeability.

## III. The Trial Court Erred in Granting Summary Judgment for Reuer on the Nirenbergs' Claim for Liability for the Tortious Acts of Another

[16] The Nirenbergs contend that, in granting Reuer summary judgment on their third claim against her, the trial court improperly weighed the evidence to determine that Reuer's participation in any alleged tortious act of Trumble was

so slight that she is not liable for his actions. In *Hellums v. Raber*, 853 N.E.2d 143, 146 (Ind. Ct. App. 2006), a panel of this court adopted the Restatement (Second) of Torts § 876 (1979), which states, in relevant part, that "[f]or harm resulting to a third person from the tortious conduct of another, one is subject to liability if he […] gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person."

[17] Reuer essentially concedes, again, that the trial court weighed the evidence in making its determination, arguing that the Nirenbergs "are issuing an invitation for this Court to impermissibly reweigh the evidence that the Trial Court considered in making its determination[.]" Appellee's Br. p. 19. Again, "[s]ummary judgment should not be granted when it is necessary to weigh the evidence." *Hughley*, 15 N.E.3d at 1005 (quotation and citation omitted). The Nirenbergs designated evidence showing that Reuer had permitted Trumble to hunt on her land without oversight, restrictions, or knowledge of her property boundaries, and after discovering that the deer had run from her property, Reuer had allowed Trumble back to retrieve the deer. Again, expressing no opinion as to whether the designated evidence is sufficient to prove that Reuer had provided Trumble with substantial assistance, given that we must construe all factual inferences in favor of the Nirenbergs, we conclude that their designated evidence was sufficient to create a genuine issue of material fact on the question.

We affirm the trial court's grant of summary judgment in favor of Reuer as it relates to all of the Nirenbergs' claims except for negligence and liability for the tortious acts of another, and we reverse the trial court's decision on those issues and remand for proceedings consistent with this opinion.

We affirm in part, reverse in part, and remand with instructions.

Pyle, J., and Kenworthy, J., concur.

ATTORNEYS FOR APPELLANTS

Briana N. Nirenberg
BN Legal PLLC
Lansing, Michigan

Shaw R. Friedman
Friedman & Associates, P.C.
LaPorte, Indiana

ATTORNEYS FOR APPELLEE

Jeffrey R. Oberlies
Olivia Daily
Amundsen Davis LLC
Indianapolis, Indiana